ADDIE ELAINE SAUNDERS HAMMER v. LACY DONALD ALLISON AND NANCY CATES MOORE

No. 7419SC5

(Filed 6 February 1974)

**Rules of Civil Procedure §§ 33, 37— failure to answer interrogatories —**
**. dismissal of action proper**
     Where plaintiff was properly served with interrogatories but refused to answer them without good cause, did not serve on defendant objections to any of the interrogatories or ask for an extension of time to answer, the trial court properly dismissed plaintiff's action. G.S. 1A-1, Rule 37(d).

APPEAL by plaintiff from *Seay, Judge,* 30 April 1973 Session, Superior Court, RANDOLPH County. Argued in the Court of Appeals on 22 January 1974.

Plaintiff brought this personal injury action on 2 March 1972. Answer was filed on 16 June 1972. On motion of defendant Nancy Cates Moore (Moore), the court entered an order on 8 September 1972 providing for the taking of plaintiff's deposition on 29 September 1972. On that date, counsel for plaintiff moved that the order of 8 September 1972 be set aside for

that defendant Lacy Donald Allison (Allison) had not been served. This motion was denied. The commissioner, appointed by the court, found facts, among which were: that notice of the taking of the plaintiff's deposition had been sent to defendant Allison; that counsel for plaintiff announced to the commissioner that he had advised his client, the plaintiff, not to appear and would not then attempt, by telephone or otherwise, to get her to the court in order that the commissioner and counsel for defendant Moore could proceed with the deposition. On 10 October 1972, defendant filed a motion, attaching the commissioner's findings of fact, asking that the plaintiff's action be dismissed for failure to appear for the taking of her deposition. Notice of the motion was served on counsel for plaintiff. On 29 December 1972, Judge Armstrong signed an order finding as facts the foregoing sequence of events. He further found that counsel for plaintiff offered no explanation as to why he told his client not to appear for the deposition; that the defendant Allison had not been served and no evidence was presented that he was a party to the proceeding; that plaintiff had failed to show any facts sufficient to justify her failure to appear at the time and place appointed for the taking of her deposition. The order further provided that plaintiff's counsel had assured the court that he would have his client available for the taking of her deposition on 13 December 1972, at a place and time set out, and in response thereto, she did appear. On 15 February 1973, defendant Moore filed interrogatories which were served on plaintiff. The interrogatories indicated that at the taking of the deposition plaintiff agreed to furnish defendant certain information which she did not then have available, but had not done so. The interrogatories covered several areas, it appearing that plaintiff had had an accident subsequent to the one then in litigation, and the interrogations were designed to get information with respect to doctor's bills and treatment separated for the two accidents. On 15 April 1973, defendant Moore filed a motion for dismissal of plaintiff's action for failure to answer the interrogatories. Notice was duly given. A hearing was held on the motion at which plaintiff was allowed to testify. The court entered an order finding facts and allowing defendant Moore's motion dismissing the action. From the entry of the order, plaintiff appealed.

*Ottway Burton for plaintiff appellant.*

*Miller, Beck and O'Briant, by Adam S. Beck, for Nancy Cates Moore, defendant appellee.*

MORRIS, Judge.

The only question presented by this appeal is whether the court committed reversible error in dismissing plaintiff's action for her failure to answer interrogatories. In its order the court made the following findings of fact:

"1. That this is a motion filed by the defendant, Nancy Cates Moore, to dismiss the action of the plaintiff on the grounds that the plaintiff has failed to answer certain Interrogatories that were served on her on the 15th day of February, 1973.

2. The plaintiff was examined at this hearing by her attorney, Ottway Burton, and admitted, on oral examination, that she had not answered the Interrogatories appearing in the file that were served on her on the 15th day of February, 1973.

3. The Interrogatories relate to information which the plaintiff had been unable to furnish at a prior deposition.

4. A copy of the Notice of the Motion to Dismiss and a copy of the Motion to dismiss were duly served on the plaintiff on the 6th day of April, 1973, by leaving a copy of said Notice with Motion attached with the plaintiff, Addie Elaine Saunders Hammer.

5. The plaintiff, Addie Elaine Saunders Hammer, and her attorney, Ottway Burton, were present for this hearing. The plaintiff has failed, without good cause, to answer the Interrogatories under Rule 33 after proper service of such Interrogatories."

Based on those findings, all of which are adequately supported by the evidence presented at the hearing, the court concluded that the "defendant is entitled to an Order dismissing the plaintiff's alleged cause of action by reason of the plaintiff's refusal, without good cause, to answer the Interrogatories submitted under Rule 33, after proper service of such Interrogatories," and ordered the case dismissed.

G.S. 1A-1, Rule 33, provides:

"Any party may serve upon any adverse party written interrogatories to be answered by the party served or, if the party served is a public or private corporation or a

partnership or association, by any officer or agent, who shall furnish such information as is available to the party. Interrogatories may be served after commencement of the action and without leave of court, except that, if service is made by the plaintiff within 30 days after such commencement, leave of court granted with or without notice must first be obtained. The interrogatories shall be answered separately and fully in writing under oath. The answers shall be signed by the person making them; and the party upon whom the interrogatories have been served shall serve a copy of the answers on the party submitting the interrogatories within 30 days after the service of the interrogatories, unless the court, on motion and notice and for good cause shown, enlarges or shortens the time. Within 10 days after service of interrogatories a party may serve written objections thereto together with a notice of hearing the objections at the earliest practicable time. Answers to interrogatories to which objections is made shall be deferred until the objections are determined, but the making of objections to certain interrogatories shall not delay the answering of interrogatories to which objection is not made. If the objections are overruled, the court shall fix the time for answering the interrogatories.

Interrogatories may relate to any matters which can be inquired into under Rule 26 (b), and the answers may be used to the same extent as provided in Rule 26 (d) for the use of the deposition of a party. Interrogatories may be served after a deposition has been taken, and a deposition may be sought after interrogatories have been answered, but a judge of the court in which the action is pending, as defined by Rule 30 (h), on motion of the deponent or the party interrogated, may make such protective order as justice may require. The number of interrogatories or of sets of interrogatories to be served is not limited except as justice requires to protect the party from annoyance, expense, embarrassment, or oppression. The provisions of Rule 30 (b) are applicable for the protection of the party from whom answers to interrogatories are sought under this rule."

We note that plaintiff did not serve on defendant Moore any objections to any of the interrogatories as was her right under the rule, nor did she ever ask for an extension of time.

G.S. 1A-1; Rule 37 (d), provides:

"(d) *Failure of party to attend or serve answers.*—If a party or an officer or managing agent of a party without good cause fails to appear before the person before whom the deposition is to be taken, after being served with a proper notice, or without good cause fails to serve answers to interrogatories submitted under Rule 33, after proper service of such interrogatories, a judge of the court in which the action is pending, as defined by Rule 30(h), on motion and notice may make such orders as may be just including, among others, the striking of all or any part of any pleading of that party, or dismissing the action or proceeding or any part thereof, or the entry of a judgment by default against that party."

Unquestionably, the court had the right to dismiss plaintiff's action. The record before us reveals nothing which would be sufficient to constitute an abuse of discretion. We have, of course, disregarded the "evidence" plaintiff attempts to place before us in her brief unsupported by the record. The record clearly reveals a determined effort on the part of plaintiff's counsel to disregard the rules of civil procedure and the orders entered by the court. The dismissal of plaintiff's action by the court was proper and did not constitute reversible error.

Affirmed.

Chief Judge BROCK and Judge CARSON concur.