ROBERT DEUTSCH, ANCILLARY ADMINISTRATOR OF THE ESTATE OF JERRY E. BEDINGFIELD, DECEASED v. ELSIE FISHER, INDIVIDUALLY, ELSIE FISHER, ADMINISTRATRIX OF THE ESTATE OF FORREST FISHER, DECEASED

No. 7629DC715

(Filed 6 April 1977)

1. Pleadings § 34; Rules of Civil Procedure § 25— substitution for deceased party — necessity for supplemental pleading

If a motion for substitution of a personal representative for a deceased party is made and granted within one year after the party's death, G.S. 1A-1, Rule 25(a) does not require that a supplemental complaint be filed; however, if the one-year period has run, the court has no authority to order substitution without the filing of a supplemental complaint.

2. Pleadings § 34; Rules of Civil Procedure § 25— substitution of parties — necessity for supplemental pleadings

The trial court erred in allowing substitution for deceased parties more than four years after the deaths of the parties by amendment of the original complaint rather than by supplemental pleadings as required by G.S. 1A-1, Rule 25(a).

3. Pleadings § 34; Rules of Civil Procedure § 15— substitution of parties — supplemental pleadings — justness — reasonable notice

Attempted substitutions for deceased parties by supplemental pleadings filed more than four years after the deaths of the parties were improper where the trial court made no findings as to whether the supplemental pleadings were "just" and where the deceased de-

fendant's wife, who was his administratrix and sole heir, received no notice of the attempt to substitute her as the party defendant. G.S. 1A-1, Rule 15(d).

APPEAL by defendant from *Hart, Judge.* Judgment entered 22 July 1976 in District Court, HENDERSON County. Heard in the Court of Appeals 9 February 1977.

On 7 February 1966 Jerry Bedingfield, a resident of Virginia, filed a complaint against Forrest Fisher, a North Carolinian, in Henderson County seeking specific performance of a land sale contract. The complaint alleged, among other things, that a contract had been entered whereby Fisher was to convey sixteen and one-half acres of land located in Henderson County, North Carolina, to Bedingfield in exchange for $7,000. In his answer, filed on 3 January 1967, Fisher denied that he had entered into a contract with Bedingfield. On 18 July 1967 Fisher's attorney was allowed to withdraw from the case, but after that, nothing further happened in the lawsuit between Bedingfield and Fisher for several years.

On 21 July 1968 Jerry Bedingfield died in Virginia, and Dolores Bedingfield, was appointed as his administratrix. She subsequently died, and Larry and Pamela Bedingfield were then appointed administrators. On 11 March 1969 Forrest Fisher also died in North Carolina and Elsie Fisher, his widow and sole heir at law, was appointed as his administratrix. She filed her final account on 2 April 1971.

The next thing happening in this lawsuit occurred on 2 May 1973 when the original cause was transferred from the old county court to the district court. On 8 May 1973 Don Garren, an attorney, moved that the complaint be amended to include the names of Larry and Pamela Bedingfield "as plaintiffs in the title" of the action and Elsie Fisher "as defendant in the title." By an order dated that same day, this motion was allowed.

Elsie Fisher then made a motion to dismiss, pursuant to Rule 41, and this motion was filed on 5 July 1973. She alleged, among other things, that she was not brought into court properly since no notice was given to her, concerning the 8 May 1973 motion to make her a party defendant, as required by law.

On 26 November 1973 Robert Deutsch qualified in Henderson County, North Carolina, as ancillary administrator of Jerry Bedingfield's estate. Later, on 7 December 1973 the clerk or-

dered that Forrest Fisher's estate be reopened and that Elsie Fisher continue to serve as administratrix. On the same day Elsie Fisher objected to this order and gave notice of appeal to the superior court. Then, on 10 December 1973, in response to another motion by Don Garren, the district court ordered that Deutsch be made a party plaintiff in this action; that Elsie Fisher, in her capacity as Forrest Fisher's administratrix, be made a party defendant; and that the complaint be amended accordingly.

In March 1975 this case was tried, and the jury returned a verdict for plaintiff. The court signed judgment on 10 March 1975 appointing Don Garren as commissioner to convey the property at issue to the plaintiff, and requiring plaintiff to pay the contract price of $6,500.

On 19 March 1976 Elsie Fisher moved that the judgment of 10 March 1975 be vacated and set aside. She alleged, among other things, that she had never been validly made a party to the action since she received no notice of the motion to substitute her as a party defendant. Her motion was denied. She appeals.

*Arthur J. Redden, Jr., for the plaintiff.*

*James C. Coleman, for the defendant.*

MARTIN, Judge.

In her first assignment of error, appellant contends that her motion, dated 19 March 1976, to vacate and set aside the 10 March 1975 judgment should have been granted since there was a failure to comply with the North Carolina Rules of Civil Procedure. More specifically, she argues that she was never properly made a party to this action since G.S. 1A-1, Rule 25(a) states that a personal representative may be substituted for a deceased party only by a supplemental complaint if more than one year has passed since the deceased party's death. We agree with this argument.

Upon reviewing the facts in the instant case, we have concluded that the appellant and the appellee were both improperly substituted as parties in this action. Under G.S. 1A-1, Rule 25(a) there is a provision for substitution upon the death of a party. This rule provides as follows:

"(a) Death.—No action abates by reason of the death of a party if the cause of action survives. In such case, the

court, on motion at any time within one year thereafter, or afterwards on a supplemental complaint, may order the substitution of said party's personal representative or successor in interest and allow the action to be continued by or against the substituted party." G.S. 1A-1, Rule 25(a).

[1] Rule 25(a) therefore limits the time within which a *motion* for substitution may be made to one year following the death of a party. The rule, however, is not a hard and fast limitation on substitution since the court may also order substitution after a supplemental complaint has been filed. Thus if a motion for substitution is made and granted within the one year period, it is not required that a supplemental complaint be filed unless there is a desire to allege other new matters. However, if the one-year period has run, the court has no authority to order substitution *without the filing of a supplemental complaint.*

[2] In the case at bar, the original plaintiff, Jerry E. Bedingfield, died on 21 July 1968 and the original defendant, Forrest Fisher, died on 11 March 1969. Both of the original parties died after the complaint and answer were filed but before the case ever came to trial. After their deaths, no further efforts were made to prosecute the action and no further papers were filed until four years later. On 8 May 1973, Don Garren, attorney for original plaintiff, attempted to substitute Larry Bedingfield and Pamela Bedingfield, the original plaintiff's heirs, as plaintiffs in this action and to substitute Elsie Fisher, the original defendant's wife, as defendant. Since both of the original parties had been deceased for more than one year, the only proper mode of substitution at that time was by supplemental pleadings under Rule 25(a). We note, however, that the attempted substitution of the parties was by a motion to amend the original complaint, presumably filed pursuant to G.S. 1A-1, Rule 15, rather than by a supplemental complaint as required by G.S. 1A-1, Rule 25(a). Nevertheless, the trial court allowed such a method of substitution on May 8, 1973.

Without discussing the matter at length, it suffices to say that the differences between an amendment and a supplemental complaint have already been decided by this Court. *Williams v. Freight Lines* and *Willard v. Freight Lines,* 10 N.C. App. 384, 179 S.E. 2d 319 (1971). See also G.S. 1A-1, Rule 15(a) and (d). It is therefore apparent that, prior to the appellant's mo-

tion to vacate and set aside the judgment in this case, neither of the parties had been properly substituted by supplemental complaint in accordance with G.S. 1A-1, Rule 25(a). Thus, the trial judge erred in refusing to grant the appellant's motion. Moreover, since Larry and Pamela Bedingfield, and later Robert Deutsch, were never properly substituted as plaintiffs, it is not necessary for us to discuss their contention that the appellant waived, by appearing, her right to argue on appeal that she was improperly substituted as a defendant to this action.

Even if we assume, *arguendo*, that the attempt to substitute the parties was not by amendment but rather was by supplemental pleading, as required by G.S. 1A-1, Rule 25(a), we would nevertheless be compelled to reach the same result for yet another reason. In order for a supplemental pleading to be procedurally proper, it must satisfy the requirements of G.S. 1A-1, Rule 15(d). Under this rule, it is stated:

> "(d) Supplmental pleadings.—Upon motion of a party the court may, *upon reasonable notice and upon such terms as are just,* permit him to serve a supplemental pleading setting forth transactions or occurrences or events which may have happened since the date of the pleading sought to be supplemented, whether or not the original pleading is defective in its statement of a claim for relief or defense. . . ." G.S. 1A-1, Rule 15(d) (emphasis added).

The language of this rule ". . . the court may . . . upon such terms as are just . . ." permits but does not require a trial court to allow a supplemental pleading. In any event, it does not appear to be a matter of right, and it seems clear that a court may deny a supplemental pleading to substitute parties if the allowance of such a pleading would be unjust.

[3] In the case at bar, we note that substitution was attempted on May 8, 1973, more than four years after the death of the original parties. However, the record fails to reveal any findings by the trial judge as to whether this or any other factor was ever considered in determining if the supplemental pleading was "just."

It must also be emphasized that G.S. 1A-1, Rule 15(d) requires a supplemental pleading to be "upon reasonable notice." We have carefully examined the record and cannot find any in-

dication that Elsie Fisher was ever served with notice of the attempt to substitute the parties in this action. To the contrary, a motion to substitute the parties by amending the original complaint was filed by Don H. Garren on the 8th day of May 1973 and no notice of this motion was ever served upon Elsie Fisher. Because of this lack of notice, the supplemental ·pleadings allowed by the court on 8 May 1973 were never in compliance with the requirements set forth in Rule 15(d) and, hence, were improperly allowed by the trial court. Since the supplemental pleadings were improper, it follows that the attempted substitution of parties by the supplemental pleadings was also improper and, therefore, that both parties were improperly joined to this action. Once again, since Larry and Pamela Bedingfield, and later Robert Deutsch, were never properly substituted as plaintiffs in this action, it is not necessary for us ·to discuss their argument that appellant waived, by appearing, her right to contest improper substitution of parties.

Reversed and remanded.

Judges PARKER and ARNOLD concur.