J. C. SILVERTHORNE, B. McADOO WHORTON, THEODORE R. SLADE, J. C. SILVERTHORNE, ADMINISTRATOR OF THE ESTATE OF MICHAEL W. SILVERTHORNE, AND WIFE, JO SILVERTHORNE, AND BRANDENBURG LAND COMPANY, A CORPORATION, PLAINTIFFS AND ZACHARY TAYLOR, GUARDIAN AD LITEM FOR BRIAN Z. TAYLOR AND JOHN WEBB TAYLOR, INTERVENOR PLAINTIFFS v. COASTAL LAND COMPANY, A CORPORATION, JOSEPH G. BLOW AND WIFE, ELIZABETH P. BLOW, RALPH T. MORRIS AND WIFE, ELSIE S. MORRIS, VERNON J. SILVERTHORNE AND WIFE, MILDRED C. SILVERTHORNE, MINNIE S. BARNHILL AND HUSBAND, FRANK C. BARNHILL, KATHLEEN S. SLADE, HELEN S. ADKINS AND HUSBAND, BERNARD ADKINS, ANNIE S. COOK AND HUSBAND, PHILLIP E. COOK, EFFIE S. HADDER AND HUSBAND, MINOR L. HADDER, J. G. SILVERTHORNE AND WIFE, BESSIE SILVERTHORNE, AND JOHN T. TAYLOR, JR. AND WIFE, DORA W. TAYLOR, DEFENDANTS

No. 783SC844

(Filed 3 July 1979)

**1. Rules of Civil Procedure § 37— failure to comply with discovery order—justification—burden of proof on noncomplying party**

If a party who fails to comply with a discovery order of the court wishes to avoid court imposed sanctions for his failure, the burden is upon him to show that there is justification for his noncompliance. Plaintiffs in this action could not excuse their failure by claiming that they were not represented by an attorney, since that situation arose by their own choice, or by claiming that the long history of the case with its many extensions of time showed that the parties were willing to accommodate each other with "extensions ad infinitum," since the situation was no longer merely between the parties after the court intervened and ordered plaintiffs to answer interrogatories.

**2. Rules of Civil Procedure § 37— failure to answer interrogatories—dismissal proper**

There was no merit to plaintiffs' contention that the court was not entitled to impose the sanction of a dismissal of their action with prejudice upon finding that plaintiffs' failure to comply with the court's order to answer interrogatories was without justification. G.S. 1A-1, Rule 37(b)(2).

**3. Rules of Civil Procedure § 25— parties not properly substituted**

The substituted plaintiffs were never properly made parties to this lawsuit since no substitution motion was made; the "substitution" was made just under three years after the death of one of the original plaintiffs; and no supplemental complaint was filed. Therefore, the substituted plaintiffs had no claim which could have been abated, and the court does not consider their argument that their claim was abated prematurely. G.S. 1A-1, Rule 25.

APPEAL by plaintiffs and intervenor plaintiffs from *Cowper, Judge.* Judgment entered 5 May 1978 in Superior Court, PAMLICO County. Heard in the Court of Appeals 30 May 1979.

The complaint in this action to try title was filed in September 1971. Answers were filed by all defendants except John T. Taylor, Jr. and Dora W. Taylor. (hereinafter the term "defendants" will refer to all defendants except these two.) Defendant Coastal Land Company also counterclaimed to be adjudged the owner of the lands.

By nine consecutive consent orders, the time for completing discovery was extended through January 1975. Interrogatories were served upon the plaintiffs Silverthorne, Whorton and Slade on 17 September 1974 and upon the plaintiff Brandenburg Land Company on 24 September 1974. In November 1975 the petition of plaintiffs' counsel to withdraw from the action was allowed.

On 21 January 1976 an order was entered substituting for the deceased plaintiff Michael Silverthorne his heirs J. C. and Jo Silverthorne individually and J. C. Silverthorne as administrator of his estate. The order also stated that it would "constitute notice to such substituted parties that this action as to them may be abated unless it is continued by them within the provisions of Rule 25(c) of said Rules of Civil Procedure."

On 19 March 1976 defendants moved for an order compelling answers to interrogatories pursuant to Rule 37. This motion was granted on 5 April 1976 by an order giving plaintiffs 60 days to file answers to the interrogatories. On 25 June 1976 defendants moved for a dismissal with prejudice of plaintiffs' action, for a default judgment finding ownership of the land in defendant Coastal Land Company, and for an order requiring the substituted plaintiffs to take affirmative action to prosecute whatever claim they might have before 21 July 1976, six months from the entry of the order substituting them as parties. Hearing on this motion was continued until 10 April 1978 on the court's own motion.

On 19 July 1976, answers to interrogatories were sent to defendants' attorney by plaintiffs Silverthorne and Whorton, but were not filed with the court.

On 15 November 1977 defendants moved for an order abating the action as to any claim of the substituted parties plaintiff because they had failed to prosecute their action within 12 months of the date of their substitution. Hearing on this motion was also continued until 10 April 1978 on the court's own motion. On 10 April 1978, plaintiff Brandenburg Land Company filed answers to interrogatories.

On 7 April 1978, Zachary Taylor as guardian ad litem of minors Brian Z. and John Webb Taylor moved to intervene in this action, alleging that title to the lands which are the subject of this action rests in the minor plaintiffs by virtue of a deed from a collateral source dated 31 March 1978. This motion was denied.

Defendants' motions to dismiss with prejudice the action of the original plaintiffs and abate the claims of the substituted plaintiffs were granted. Plaintiffs and intervenor plaintiffs appeal.

*Nelson W. Taylor III for plaintiff appellants.*

*Henderson & Baxter, by B. Hunt Baxter, Jr., for intervenor plaintiff appellants.*

*A. D. Ward & Barden, Stith, McCotter and Stith, by Laurence A. Stith, for defendant appellees.*

ARNOLD, Judge.

*Original Plaintiffs' Appeal*

[1] In his order dismissing the plaintiffs' action, the trial court concluded that the plaintiffs' failure to file answers to interrogatories within 60 days of 5 April 1976, as they had been ordered by the court to do, was "wholly without justification or excuse." Plaintiffs argue that there is no evidence to support this conclusion.

Plaintiffs' view is that defendants were required to show that plaintiffs' failure to comply with the court order was without justification, but this is not the case. G.S. 1A-1, Rule 37(b)(2) sets out possible consequences of a party's failure "without good cause" to comply with the court's order to answer interrogatories. If a noncomplying party wishes to avoid court-imposed sanctions for his failure, the burden is upon him to show that there is

Silverthorne v. Land Co.

justification for his noncompliance. Plaintiffs attempt to excuse their failure upon the grounds that between November 1975 and April 1978 they were not represented by an attorney, and that the long history of the case with its many extensions of time shows that the parties were willing to accommodate each other "in extensions ad infinitum." Neither of these arguments avails.

Interrogatories were served upon the plaintiffs in September 1974. Fourteen months later, plaintiffs' counsel sought to withdraw from the case, giving as one reason the fact that a number of the interrogatories could only be answered by plaintiff Brandenburg Land Company, and counsel had been unable to find through diligent effort who owned that company. Some five months later, nineteen months after the interrogatories had been served, the court entered its order giving the plaintiffs 60 days to answer the interrogatories. Thus, during 14 of the 21 months given to the plaintiffs to answer the interrogatories, plaintiffs were represented by counsel, and plaintiffs have made no attempt to show that their lack of representation through the remainder of the period was other than by choice. The withdrawal of plaintiffs' counsel because of plaintiffs' non-cooperation, and their subsequent lack of counsel by their own choice is no excuse. As for the parties' apparent willingness to accommodate each other in unlimited extensions of time, the situation was no longer merely between the parties after the court intervened and ordered plaintiffs to answer. The record amply supports the court's conclusion that plaintiffs' failure to comply was without justification.

[2] Plaintiffs then argue that even a finding that their failure to comply with the order to answer interrogatories was without justification does not entitle the court to impose the sanction of a dismissal of their action with prejudice. G.S. 1A-1, Rule 37(b)(2) provides that upon a party's failure to comply with the court's order, "the judge may make such orders in respect to the failure to answer as are just." The choice of sanctions to be imposed having been left by the rule in the court's discretion, we may not overturn the court's decision unless an abuse of that discretion is shown. Rule 37(b)(2) provides further that "[t]he relief granted may include . . . c. An order . . . dismissing the action." Dismissal of a plaintiff's action for failure to answer interrogatories was upheld in *Hammer v. Allison*, 20 N.C. App. 623, 202 S.E. 2d 307, *cert. den.* 285 N.C. 233, 204 S.E. 2d 23 (1974), and this Court noted

there that, as here, "plaintiff did not serve on defendant . . . any objections to any of the interrogatories as was her right under the rule, nor did she ever ask for an extension of time." *Id.* at 626, 202 S.E. 2d at 309. Considering the facts of this case, and the fact that the sanction imposed is clearly allowed by the rule, we find no abuse of discretion. There was no error in the dismissal of the original plaintiffs' action.

## *Substituted Plaintiffs' Appeal*

Subsequent to the death of original plaintiff Michael Silverthorne, the court substituted for him as plaintiffs his heirs J. C. and Jo Silverthorne individually and J. C. Silverthorne as administrator of his estate. The substitution order, entered on 21 January 1976, stated that it would "constitute notice to such substituted parties that this action as to them may be abated unless it is continued by them within the provisions of Rule 25(c) of said Rules of Civil Procedure." On 25 June 1976 defendants moved for an order requiring the substituted plaintiffs to take affirmative action to prosecute whatever claim they might have before 21 July 1976, six months from the date of their substitution. No such order was entered. On 15 November 1977 defendants moved for an order abating the action as to any claim of the substituted parties. They relied upon the "notice" provision in the court's substitution order, arguing that "the effect of said provision was to permit the substituted parties to prosecute the subject action within twelve months of January 21, 1976, which they have not done." By order of 8 May 1978, the court found that the substituted plaintiffs "made no effort whatsoever to prosecute the subject action within twelve (12) months of January 21, 1976, the date on which order was entered substituting them as parties, and that same was wholly without justification or excuse," and ordered that the claim of the substituted plaintiffs "is hereby abated."

These plaintiffs argue that no evidence was presented that their failure to actively prosecute this lawsuit was without excuse, but as we have held above with reference to the dismissal of the original plaintiffs' action, there is no burden upon the defendants to make such a showing. Nor is the lack of counsel, apparently by choice, an excuse. As the substituted plaintiffs have

presented no evidence to justify their non-action, we find no error in the court's conclusion.

Plaintiffs then argue that the trial court's order abating their action was premature, as he had not fixed a time after which their action would abate as required by G.S. 1A-1, Rule 25(c). That rule provides: "At any time after the death . . . of a party, the court . . . , upon notice to such person as it directs and upon motion of any party aggrieved, may order that the action be abated, unless it is continued by the proper parties, within a time to be fixed by the court, not less than six months nor more than 12 months from the granting of the order." Plaintiffs argue that a prerequisite to abatement was the trial court's fixing of a time after which the action would abate. Defendants argue that an action abates in twelve months at the very latest, and that since the trial court can do nothing but shorten this period to as little as six months, it was not necessary for the court to fix a time for abatement.

[3] We find it unnecessary to decide this issue, since we conclude that the substituted plaintiffs were never properly made parties to this lawsuit. G.S. 1A-1, Rule 25(a) provides that upon a party's death an action does not abate, as it did at common law, 1 Am. Jur. 2d, Abatement, Survival and Revival § 47. The court may substitute a party to continue the action in place of the deceased. However, this substitution must be (1) *on motion within one year* of the party's death or (2) afterwards on a *supplemental complaint*. No substitution motion appears in the record, and at any rate it affirmatively appears that the substitution was made just less than three years after the death of plaintiff Michael Silverthorne. Nor does a supplemental complaint appear. Accordingly, no substitution was made under Rule 25(a). *Deutsch v. Fisher*, 32 N.C. App. 688, 233 S.E. 2d 646 (1977).

Furthermore, had the parties been properly substituted under Rule 25(a), the time limitation in Rule 25(c) would not apply. Rule 25(c) does not provide for substitution, but provides a method by which a party may place a time limitation on the right to substitution. W. Shuford, North Carolina Civil Practice and Procedure, § 25-6 at 219 (1975). There is no indication that defendants ever availed themselves of this method. Rule 25(c) provides for an order of conditional abatement "*upon motion of any party*

Silverthorne v. Land Co.

*aggrieved,*" (emphasis added) and no such motion appears. Further, Rule 25(c) shows that the order it provides for is intended to be used prior to any substitution of parties, since it provides for notice to "such person as [the court] directs," which we think has been correctly viewed as requiring notice to those who "would reasonably be expected to represent most closely the interest of the deceased." W. Shuford, *supra* at 220. It is then up to the persons interested in the estate of the deceased to arrange for substitution of the appropriate party. *See id.*

Accordingly, the court's substitution order of 21 January 1976 is neither a correct substitution under Rule 25(a) nor the order of conditional abatement contemplated by Rule 25(c). Had the parties been properly substituted, the appropriate move if defendant wished to terminate their action would have been a motion to dismiss for failure to prosecute under G.S. 1A-1, Rule 41(b). Since they were not properly substituted, they have no claim that could have been "abated," and we need not consider their argument that their claim was abated prematurely. *See Deutsch v. Fisher, supra.*

### *Intervenor-Plaintiffs' Appeal*

The intervenor-plaintiffs, the Taylors, argue that they have met all the requirements that entitle them to intervene in this action as a matter of right. However, the order denying the Taylors' motion to intervene indicates that before it was entered, the court already had allowed defendants' motion to dismiss the action of the original plaintiffs and "abate" the claims of the substituted plaintiffs. No action remained in which the Taylors could intervene. We find no error in the denial of their motion.

The orders of the trial court are

Affirmed.

Judges MARTIN (Robert M.) and ERWIN concur.