V. ODELL ROUTH v. JACK B. WEAVER

No. 8318DC502

(Filed 3 April 1984)

1. **Bills of Discovery § 6; Rules of Civil Procedure § 37— failure to comply with discovery order—sanctions—no abuse of discretion**
    The trial court's findings provided ample support for an order granting plaintiff's motion for sanctions and entering a default judgment in favor of plaintiff where the court found that defendant's failure to comply with an order compelling discovery was willful and without cause, that defendant has had and presently has the ability to comply with the orders of the court and such compliance is not unduly burdensome to the defendant, that defendant made no good faith effort to comply with previous court orders despite the

fact that defendant was warned by the court of the consequences of his failure to comply, and that defendant made no objection to plaintiff's request for production of documents until plaintiff had twice been forced to seek the court's assistance in obtaining the requested documents.

**2. Judges § 1.2— assignment of judge to preside over motion proper—recusal of judge scheduled to hear motion**

    A trial judge was properly assigned by the chief district judge, who recused himself, to hear a motion where the record clearly revealed that the judge was assigned by the chief district judge to hear plaintiff's motion; that all parties were notified of the assignment; and that no objection was raised. G.S. 7A-192 reveals that the underlying legislative concern is that judges be properly *assigned* by the chief district judge to preside over cases and motions, and that it does not matter whether the session to which a judge is assigned involves one case or many, so long as the presiding judge has been properly assigned to hear the matters.

APPEAL by defendant from *Yeattes, Judge.* Order entered 23 December 1982 in District Court, GUILFORD County. Heard in the Court of Appeals 15 March 1984.

This is a civil action in which plaintiff seeks to recover for claims arising out of an alleged partnership between plaintiff and defendant. The record discloses the following:

On 21 July 1980 plaintiff filed his complaint, in which he alleged that plaintiff and defendant had formed a partnership in 1976, that the partnership business was sold in 1977, and that defendant collected the proceeds of sale and accounts receivable. Plaintiff further alleged that in 1979 defendant agreed to pay plaintiff the sum of $3,500.00 in "full satisfaction of all claims that the Plaintiff might have in regard to the partnership," and that defendant had failed and refused to pay plaintiff this or any amount.

On 9 February 1981 defendant filed his answer, in which he denied all of plaintiff's material allegations and in which he asserted a counterclaim. On 29 September 1981 the court entered an order postponing trial of the matter until "additional discovery" was completed and directing both parties to conduct such discovery "pursuant to the Rules of Civil Procedure." That same day plaintiff filed a request for production of documents pursuant to Rule 34, North Carolina Rules of Civil Procedure, and to the court order. On 12 November 1981 plaintiff filed a "motion for

sanctions," alleging that defendant had failed to produce the requested documents. By order entered 23 November 1981 Judge William Daisy ordered defendant to comply with plaintiff's request for production of documents and "reserve[d] ruling on sanctions pending compliance with this Order." On 17 September 1982 plaintiff again filed a motion for imposition of sanctions against defendant, asserting as grounds defendant's failure to comply with the discovery order entered 23 November 1981. On 22 October 1982 defendant filed a "motion for relief from discovery orders." On 23 December 1982 the court made findings of fact and conclusions of law and entered an order denying defendant's motion for relief and granting plaintiff's motion for sanctions. The court entered a default judgment in favor of the plaintiff and against the defendant decreeing that defendant was indebted to plaintiff in the sum of $3,500.00. Defendant appealed.

*James W. Lung and G. S. Crihfield for plaintiff, appellee.*

*R. Walton McNairy and Michael R. Nash for defendant, appellant.*

HEDRICK, Judge.

At the outset we note that defendant filed a counterclaim that has not been disposed of in the trial court. This appeal is thus premature and subject to dismissal because it is from an order which adjudicates fewer than all of the claims of the parties. North Carolina Rules of Civil Procedure, Rule 54(b). We note as well that an order imposing sanctions is ordinarily interlocutory. Nevertheless, we choose to exercise our discretion and pass on the merits of defendant's appeal from the default judgment imposed as a sanction for defendant's failure to comply with the order for discovery.

The only exception noted in the record is to the judgment. Such an exception raises for review only "the question whether the facts found support the conclusions of law and judgment entered." *Employers Insurance v. Hall,* 49 N.C. App. 179, 180, 270 S.E. 2d 617, 618 (1980), *cert. denied,* 301 N.C. 720, 276 S.E. 2d 283 (1981). Such an exception does not present for review the question of the sufficiency of the evidence to support the findings of fact. *Anderson Chevrolet/Olds v. Higgins,* 57 N.C. App. 650, 292 S.E. 2d 159 (1982).

[1]   Rule 37(b)(2), North Carolina Rules of Civil Procedure, authorizes the court to "make such orders in regard to the failure [to obey an order to provide or permit discovery] as are just," including "[a]n order . . . rendering a judgment by default against the disobedient party." The choice of sanctions under Rule 37 lies within the court's discretion and will not be overturned on appeal absent a showing of abuse of that discretion. *Silverthorne v. Land Co.*, 42 N.C. App. 134, 256 S.E. 2d 397, *disc. rev. denied*, 298 N.C. 300, 259 S.E. 2d 302 (1979).

In the instant case the trial judge found as a fact that defendant's failure to comply with court orders compelling discovery was willful and without just cause. The court further found that defendant "has had, and presently has, the ability to comply with the Orders of this Court," and that such compliance "is not unduly burdensome as to the Defendant." The record reveals and the court found that defendant made no good faith effort to comply with previous court orders, despite the fact that defendant was warned by the court of the consequences of his continued failure to so comply. Finally, the court's findings indicate that defendant made no objection to plaintiff's requests for production of documents until 21 October 1982, by which time plaintiff had twice been forced to seek the court's assistance in obtaining the requested documents. We believe these findings, considered with the detailed findings of fact not herein discussed, provide ample support for the conclusions of law and judgment entered. Further, we think it clear that the court's choice of sanction on these facts was well within the scope of its discretionary power. We find the statement of this Court, made in a case involving similar facts, appropriate here:

> In summary, we discern no abuse of discretion on the part of the trial court. Rather, we are presented with a defendant who committed dilatory, inconsiderate and reprehensible abuse of the discovery process for which it was justly sanctioned.

*Laing v. Loan Co.*, 46 N.C. App. 67, 72, 264 S.E. 2d 381, 385, *disc. rev. denied and appeal dismissed*, 300 N.C. 557, 270 S.E. 2d 109 (1980).

[2]   Defendant next contends that Judge Yeattes "lacked jurisdiction to hear or enter the judgment" because he had not been

properly assigned to hear the matter as required by N.C. Gen. Stat. Sec. 7A-192.

Sec. 7A-192 in pertinent part provides: "Any district judge may hear motions and enter interlocutory orders in causes regularly calendared for trial or for the disposition of motions, at any session to which the district judge has been assigned to preside." In discussing this portion of the statute our Supreme Court has said:

> [B]efore a district court judge, other than the chief district judge, may hear motions and enter interlocutory orders at any session of district court in cases calendared for trial or hearing at such session, he must be first assigned by the chief district judge under the provisions of G.S. Sec. 7A-146 to preside at such session.

*Stroupe v. Stroupe*, 301 N.C. 656, 660, 273 S.E. 2d 434, 437 (1981). N.C. Gen. Stat. Sec. 7A-146 in pertinent part provides:

> The chief district judge . . . has administrative supervision and authority over the operation of the district courts and magistrates in his district. These powers and duties include, but are not limited to, the following:

> (1) Arranging schedules and assigning district judges for sessions of district courts;

In the instant case, the record reveals that the motion for imposition of sanctions was calendared for hearing before Chief District Judge Cecil during the civil non-jury session of 13 December 1982. In an affidavit contained in the record, Judge Cecil states:

> 3. That the undersigned Judge had represented Jack B. Weaver, Defendant, while engaged in the practice of law some seven (7) or eight (8) years previously and thus recused himself from the case and specifically assigned the hearing of said Motion to the Honorable John F. Yeattes, Jr., District Court Judge for the Eighteenth Judicial District;

> 4. That the Honorable John F. Yeattes, Jr., was then assigned to hear traffic cases during that week; that the attorney for the Defendant was informed of the assignment to

the Honorable John F. Yeattes, Jr., and did not object to the assignment of the hearing when made; that the hearing was to be scheduled at a time certain in keeping with Judge Yeattes' other Courtroom schedule and when the attorney for the Plaintiff and the attorney for the Defendant could be present to present the case;

5. That the Honorable John F. Yeattes, Jr., in accordance with the specific assignment of the undersigned affiant, heard the matter during the week of December 13, 1982 and entered Judgment which appears of record in the cause; that the undersigned Chief District Judge, through oversight, failed to sign a written assignment of the case but there was no question that the assignment of the case was made to the Honorable John F. Yeattes, Jr., and that he had full and complete authority by the oral assignment to schedule the matter for hearing and to rule on all matters then before the Court.

Defendant argues that "[a] judge must be assigned to preside over a session of the District Court; an assignment to a particular case is not authorized by the statutes nor the case law." Defendant contends that the word "session" is properly understood to mean "a continuous series of sittings or meetings of a court."

The word "session" is defined in Black's Law Dictionary as follows:

The sitting of a court, Legislature, council, commission, etc., for the transaction of its proper business. Hence, the period of time, within any one day, during which such body is assembled in form, and engaged in the transaction of business, or, in a more extended sense, the whole space of time from its first assembling to its prorogation or adjournment *sine die. Ralls v. Wyand,* 40 Okl. 323, 138 P. 158, 162.

BLACK'S LAW DICTIONARY 1536 (rev. 4th ed. 1968). We believe that the definition of the word "session" offered by defendant, while not incorrect, is unnecessarily restrictive. Indeed, were we to adopt the definition offered by defendant, the Chief District Judge would be barred from assigning a judge to preside over just one case. We do not believe this was the intent of the legislature. We thus choose instead to adopt Black's definition set out above. Furthermore, we believe that defendant's emphasis on

the meaning of "session" in interpreting N.C. Gen. Stat. Sec. 7A-192 is misplaced. A reading of the statute in its entirety reveals that the underlying legislative concern is that judges be properly *assigned* by the Chief District Judge to preside over cases and motions. It matters not whether the session to which a judge is assigned involves one case or many, so long as the presiding judge has been properly assigned to hear the matters. In the instant case, the record clearly reveals that Judge Yeattes was assigned by Chief District Judge Cecil to hear plaintiff's motion. Furthermore, all parties were notified of this assignment and no objection was raised. We hold that Judge Yeattes was properly assigned to hear the motion in question.

The result is: the default judgment that plaintiff have and recover of the defendant $3,500.00 will be affirmed; the cause will be remanded to the District Court for further proceedings with respect to defendant's counterclaim.

Affirmed in part, remanded in part.

Judges HILL and JOHNSON concur.