EARLYNE W. HAYES, ADMINISTRATRIX OF THE ESTATE OF ROY LEE HAYES, DECEASED v. T. MARCUS BROWNE, ADMINISTRATOR OF ESTATE OF CONRAD JUDE MENTEL, JR. AND DURHAM WEST, INC.

No. 8414SC1136

(Filed 16 July 1985)

**Rules of Civil Procedure § 37— failure to answer interrogatories—dismissal of action**

The trial court had authority to dismiss a dram shop action against a tavern owner for plaintiff's failure to answer interrogatories where plaintiff did not apply for a protective order or an enlargement of time to answer; plaintiff served answers to the interrogatories after defendant filed a motion to dismiss; and plaintiff's failure to answer the interrogatories prejudiced defendant's ability to prepare for trial. Furthermore, the trial court's dismissal of the action did not constitute an abuse of discretion or deny plaintiff due process. G.S. 1A-1, Rule 37(d).

Judge WELLS concurs in the result.

APPEAL by plaintiff from *Bailey, Judge.* Order entered 13 August 1984 in Superior Court, DURHAM County. Heard in the Court of Appeals 14 May 1985.

On 10 September 1982, plaintiff's intestate was working with a road paving crew on Interstate Highway 85 in Durham County. Defendant's intestate had allegedly consumed large amounts of alcoholic beverages at the Iron Duke Lounge operated by defendant, Durham West, Inc. At or about 12:30 a.m., defendant's intestate drove his vehicle into the worksite at a high rate of speed, struck plaintiff's intestate and crushed him to death against a piece of paving equipment.

Plaintiff, Earlyne W. Hayes, administratrix of the estate of Roy Lee Hayes, deceased, filed a wrongful death action against defendant's intestate, Conrad Jude Mentel, Jr., and Durham West, Inc.

On 21 December 1983, counsel for Durham West, Inc. served interrogatories on plaintiff's counsel. Having received no answers to the interrogatories by 25 April 1984, counsel for Durham West wrote a letter to plaintiff's counsel requesting answers to the interrogatories. On 30 july 1984, Durham West, Inc. having received no answers to its interrogatories, filed a motion to dismiss plaintiff's action pursuant to Rules 33 and 37(d) of the North Carolina Rules of Civil Procedure.

On 8 August 1984, in response to Durham West's motion to dismiss, plaintiff answered the interrogatories. Answers to these interrogatories were due on or before 24 January 1984. On 10 August 1984, plaintiff reserved Durham West with answers to interrogatories which had been omitted from the service of plaintiff's answers to interrogatories on 8 August 1984. The action was set for trial in Durham County Superior Court at the 20 August 1984 Civil Session, thereby giving counsel for Durham West approximately ten days to prepare the case for trial.

The trial court granted defendant's motion to dismiss plaintiff's action, and from that order, plaintiff appeals.

*Hunter, Hodgman, Green & Donaldson, by Richard M. Green and Arthur J. Donaldson, for plaintiff appellant.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Ronald C. Dilthey & Theodore B. Smyth, for defendant appellee Durham West, Inc.*

JOHNSON, Judge.

At the outset, we note that plaintiff's appeal is from an interlocutory order imposing sanctions for failure to complete discovery. Nevertheless, we choose to exercise our discretion and pass on the merits of plaintiff's appeal from the dismissal of the action. *See, Routh v. Weaver*, 67 N.C. App. 426, 428, 313 S.E. 2d 793, 795 (1984).

Plaintiff's first assignment of error is that the trial court lacked authority to dismiss the action. G.S. 1A-1, Rule 37(d) North Carolina Rules of Civil Procedure provides in pertinent part:

> If a party . . . fails to serve answers to interrogatories submitted under Rule 33, after proper service of such interrogatories, a judge of the court in which the action is pending . . . on motion and notice may make such orders as may be just including . . . dismissing the action or proceeding or any part thereof. . . .

This Court ruled in *Hammer v. Allison*, 20 N.C. App. 623, 202 S.E. 2d 307, *cert. denied*, 285 N.C. 233, 204 S.E. 2d 23 (1974), that where plaintiff was properly served with interrogatories, but refused to answer them without good cause, and did not serve on defendant objections to any of the interrogatories, or ask for an extension of time to answer, the trial court properly dismissed plaintiff's action.

Plaintiff relies on *Willis v. Duke Power*, 291 N.C. 19, 229 S.E. 2d 191 (1976), wherein the court held that where plaintiff had inadvertently omitted portions of the interrogatories, the court had no authority to dismiss plaintiff's action for failure to serve answers to interrogatories. Two salient features distinguish *Willis* from the case *sub judice*. In *Willis*, the defendant filed timely objections to the interrogatories, and secondly, defendant moved for a protective order. Nothing in the record supports a finding that plaintiff in the case at bar filed motions objecting to the interrogatories, or that motions were filed asking for an enlargement of time within which to complete the interrogatories. Further, plaintiff in the instant case served answers to the interrogatories *after* defendant had filed a motion to dismiss. Plaintiff's reliance on *Willis* is clearly misplaced. Plaintiff also urges this court to follow the reasoning in *White v. Southard*, 236 N.C. 367, 368, 72

S.E. 2d 756-57 (1952), wherein the court held that "when an answer has been filed, whether before or after the time for answering had expired, so long as it remains filed of record, the clerk is without authority to enter a judgment by default." What plaintiff has failed to consider is that the defendant's answer in *White* was sufficient to establish the basis or lack thereof of defendant's liability.

The instant case involves an automobile accident and charges were brought in a dram shop action against a tavern. The very nature of the action evinces a need for defendant Durham West, Inc. to ascertain its liability and the issue of damages through discovery. Plaintiff's failure to comply with the Rules of Discovery (Rule 33) has clearly prejudiced the defendant's ability to prepare for trial. We therefore find no merit in plaintiff's assignment of error on the issue of the court's authority to dismiss the action.

Plaintiff's second assignment of error is that even if the trial court had authority to impose sanctions, the action was an abuse of discretion. Plaintiff urges the court to adhere to the reasoning that "absent a showing of willful, deliberate disregard of the judicial process or the plaintiff's rights, or that the defendant was 'defiant or obdurate,' the severe sanction of default judgment must be set aside." *United States Corp. v. Freeman*, 605 F. 2d 854 (5th Cir. 1975). We reject that reasoning. This Court has addressed the requirement of willful and found that "the language of G.S. 1A-1 Rule 37(d) requires so such finding." *Imports, Inc. v. Credit Union*, 37 N.C. App. 121, 124, 245 S.E. 2d 798, 800 (1978). The 1975 amendment to Rule 37(d) deletes the specific reference to "willful" from the rule. If a non-complying party wishes to avoid court-imposed sanctions for his failure to answer interrogatories, the burden is upon him to show that there is justification for his non-compliance. *Silverthorne v. Coastal Land Co.*, 42 N.C. App. 134, 256 S.E. 2d 397, *cert. denied*, 298 N.C. 300, 259 S.E. 2d 302 (1979). The language of Rule 37(d) as amended specifically provides that a party may not remain silent, but must apply for a protective order or an enlargement of time. *See*, Comment to Rule 37(d) 1975 Amendment. In the instant case, plaintiff failed to exercise either of these alternatives. The imposition of sanctions is in the sound discretion of the trial judge, and we find no evidence to support a finding that the trial judge abused that discretion. Rather, we are presented with a plaintiff who committed dilatory, inconsiderate,

and reprehensible abuse of the discovery process for which it was justly sanctioned. *See, Laing v. Loan Co.*, 46 N.C. App. 67, 264 S.E. 2d 381, *disc. review denied*, 300 N.C. 557, 270 S.E. 2d 109 (1980).

Plaintiff's last assignment of error is that dismissal of the claim denied her due process. We find no merit in this contention. Plaintiff cited no authority which held Rule 37(d) unconstitutional. The trial judge appropriately exercised his discretion in applying the rule to plaintiff's case. We see no evidence which supports a finding that plaintiff was denied due process. Accordingly, we must affirm the decision of the trial court.

Affirmed.

Judge COZORT concurs.

Judge WELLS concurs in the result.