LINCOLN v. GRINSTEAD

[94 N.C. App. 122 (1989)]

Reversed.

Judges EAGLES and LEWIS concur.

———————————

ROBERT LINCOLN v. MICHAEL R. GRINSTEAD

No. 8814SC809

(Filed 6 June 1989)

1. **Rules of Civil Procedure § 37— discovery sanctions—dismissal of counterclaim—no abuse of discretion**

The trial court did not abuse its discretion in a conversion action arising from a repossession by dismissing defendant's counterclaim as a sanction for failure to comply with discovery in light of the substantial period of time defendant was given to respond to interrogatories, almost three weeks beyond the thirty days allowed by Rule 33. N.C.G.S. § 1A-1, Rule 37(b)(2)(c).

2. **Chattel Mortgages § 16; Trover and Conversion § 2— repossession of motor vehicle—failure to dispose of repossessed vehicle— conversion**

The trial court properly imposed liability on defendant for conversion of a motor vehicle where defendant, although not the record owner of the vehicle, was a party to a sales agreement which created a security interest in the vehicle enforceable against plaintiff and was therefore a secured party within the meaning of N.C.G.S. § 25-9-105(m). Defendant was subject to the provisions of N.C.G.S. § 25-9-505, which provides for compulsory disposition of collateral, and defendant admittedly failed to dispose of the repossessed collateral in the manner provided by statute.

3. **Chattel Mortgages § 1; Trover and Conversion § 4— repossessed truck—value of truck when converted**

The trial court in an action for conversion arising from a repossession did not err by finding that the reasonable value of the truck was $7,000 on the date it was repossessed where defendant sold the vehicle to plaintiff for approximately $8,500 on 4 May 1986; plaintiff testified that he installed $1,525 in stereo equipment soon thereafter; plaintiff alleged that the

LINCOLN v. GRINSTEAD

[94 N.C. App. 122 (1989)]

value of the truck was approximately $9,000; and the vehicle was repossessed on 26 March 1987, less than one year after the sale. Although defendant contends that the truck was damaged when it was repossessed, the trial court had ample evidence from which to determine the truck's value as of the date of the conversion.

APPEAL by defendant from *Bowen, Wiley F., Judge.* Judgment entered 4 April 1988 in Superior Court, DURHAM County. Heard in the Court of Appeals 21 February 1989.

Defendant appeals from a $7,000.00 judgment entered against him for converting plaintiff's vehicle for his own use within the meaning of G.S. sec. 25-9-505(1).

*Haywood, Denny, Miller, Johnson, Sessoms & Patrick, by Kevin W. Butterfield, for plaintiff-appellee.*

*Ward & Reinhardt, by J. Randolph Ward, for defendant-appellant.*

JOHNSON, Judge.

We note at the outset that Attorney Ward was not counsel for defendant-appellant at the trial level.

The sales transaction which forms the basis of this appeal is as follows. On 5 June 1986 defendant and his wife transferred a 1975 Ford pick-up truck to plaintiff in exchange for $7,000.00, a promise to deliver two pistols having an approximate value of $250.00 each, and a $1,000.00 note secured by the vehicle. This deal was evidenced by a conditional sales agreement. On 16 March 1987 defendant carried out a "self-help repossession" pursuant to G.S. sec. 25-9-503, and with the aid of a Mr. Wood, whose services he contracted for this purpose, seized the truck from plaintiff's residence and had it delivered to defendant's home. He contended that plaintiff had failed to make payments on the note as he had agreed. Plaintiff counterargued that because the vehicle's transmission totally failed within one month of purchase, he refused to perform under the terms of their sales agreement.

On 6 April 1987 plaintiff instituted a civil action alleging breach of warranty, fraud, and unfair and deceptive trade practices against defendant. He amended his complaint on 8 July 1987 to include a cause of action for conversion.

**LINCOLN v. GRINSTEAD**

[94 N.C. App. 122 (1989)]

In his answer defendant generally denied all the material allegations of plaintiff's complaint and asserted a counterclaim for damages to the vehicle. He alleged that $5,000.00 was required in order to restore the truck to its condition on the date of the sale. Defendant failed to answer plaintiff's amended complaint which included a fifth cause of action for conversion. Defendant's counterclaim and affirmative defenses were stricken on 21 March 1988 as a sanction for his failure to comply with an order compelling discovery.

[1] By Assignment of Error one, defendant asserts as error the trial court's dismissal of his counterclaim for his failure to comply with the discovery order. We find no error.

G.S. sec. 1A-1, Rule 37(b)(2)(c) states, in pertinent part, the following:

> If a party . . . fails to obey an order to provide or permit discovery, including an order made under section (a) of this rule or Rule 35, a judge of the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

> c. An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

G.S. sec. 1A-1, Rule 37(d) similarly states the following:

> If a party . . . fails . . . (ii) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subdivisions a, b, and c of subsection (b)(2) of this rule. . . .

In reviewing a trial court's discretionary choice of sanctions to impose where a party fails to comply with an order to answer interrogatories, the governing standard is that of abuse of discretion. *Silverthorne v. Land Co.*, 42 N.C. App. 134, 256 S.E. 2d 397 (1979). The decision will remain undisturbed unless a clear abuse of that discretion is shown. *Id.* Sanctions directed to the case's outcome, including default judgments and dismissals, although reviewed according to the abuse of discretion standard, are to

be evaluated in light of the leading policy concern surrounding discovery rules, which is to encourage trial on the merits. *American Imports, Inc. v. Credit Union*, 37 N.C. App. 121, 245 S.E. 2d 798 (1978).

The record reveals that in January 1988 plaintiff served defendant with some forty-five interrogatories as per G.S. sec. 1A-1, Rule 33. For no apparent reason, defendant failed to respond. On 4 March 1988, over forty days after the interrogatories had been served, plaintiff filed a motion for an order compelling discovery pursuant to G.S. sec. 1A-1, Rule 37. On 14 March 1988 the trial court filed an order at 4:18 p.m. ordering defendant to submit his answers on or before 5:00 p.m. that same day. Defendant still failed to comply, and on 18 March 1988 plaintiff filed a motion for imposition of sanctions in which he stated that he received defendant's handwritten, unresponsive, and incomplete answers on 15 March 1988.

The court's exercise of its authority to impose sanctions for defendant's deliberate failure to comply with discovery in no manner constituted an abuse of discretion. In defendant's own words "orders to compel discovery should provide a time interval reasonably calculated to permit the compelled party to fully comply." In light of the substantial period of time defendant was given to respond to the interrogatories, almost three weeks beyond the thirty days allowed by Rule 33, we find that the trial court properly imposed sanctions for his failure to answer as required. *See Hammer v. Allison*, 20 N.C. App. 623, 202 S.E. 2d 307 (1974) and *Fulton v. East Carolina Trucks, Inc.*, 88 N.C. App. 274, 362 S.E. 2d 868 (1987) where this Court upheld the dismissal of plaintiffs' causes of action for their failure to answer interrogatories. We can find no error.

[2] Defendant next argues that the trial court committed error by treating him as the converter of the motor vehicle which was repossessed pursuant to a lien in favor of his wife alone. He specifically contends that because (1) the repossessed vehicle was titled in his wife's name only, (2) his son was the "de facto" owner of the vehicle, and (3) a professional repossessor actually picked up the vehicle from plaintiff's residence, no action for conversion nor an action pursuant to G.S. sec. 25-9-507 could be maintained against him. We disagree.

G.S. sec. 25-9-505(1) provides that

LINCOLN v. GRINSTEAD

[94 N.C. App. 122 (1989)]

[i]f the debtor has paid sixty percent (60%) of the cash price in the case of a purchase money security interest in consumer goods or sixty percent (60%) of the loan in the case of another security interest in consumer goods, and has not signed after default a statement renouncing or modifying his rights under this part *a secured party* who has taken possession of collateral must dispose of it under G.S. 25-9-504, and if he fails to do so within 90 days after he takes possession, the debtor at his option may recover in conversion or under G.S. 25-9-507(1) on secured party's liability.

A secured party is defined by G.S. sec. 25-9-105(m) as "a lender, seller *or other person in whose favor there is a security interest,* including a person to whom accounts or chattel paper have been sold." (Emphasis supplied.) "Security interest means an interest in personal property or fixtures which secures payment or performance of an obligation. . . ." G.S. sec. 25-1-201(37).

Upon review of these definitions provided by statute, it becomes immediately apparent that "secured party" is not synonymous with "titleholder" and that holding title is not a prerequisite to being a secured party within the context of G.S. sec. 25-9-505(1).

The record evidence reveals that defendant negotiated with plaintiff throughout the financial transaction regarding the sale of the vehicle; represented to plaintiff that the vehicle's transmission was in good condition; signed the sales agreement conveying the truck to plaintiff; completed repossession forms with the Department of Motor Vehicles; and hired Mr. Wood to repossess the vehicle. The balance owed on the vehicle was $1,000.00 cash, and two pistols valued at $250.00 each. The plaintiff had signed a note for the $1,000.00 balance which was secured by the vehicle.

We believe that defendant, although not the record owner, was a party to a sales agreement which created a security interest in the vehicle, which was enforceable against the plaintiff. He was thus a secured party within the meaning of G.S. sec. 25-9-105(m) and therefore was subject to the provisions of G.S. sec. 25-9-505, which provides for "compulsory disposition of collateral." Because defendant admittedly failed to dispose of the repossessed collateral in the manner provided by statute, a requirement which was also communicated to him by a DMV officer, the court properly imposed liability against him for conversion of the vehicle. Defendant's second question for review is therefore overruled.

**[3]** By his last Assignment of Error, defendant argues that the court erred by finding as a fact that the reasonable value of the motor vehicle was $7,000.00 on the date it was repossessed. We disagree.

We note at the outset that defendant has advanced no authority in support of this position. This issue is therefore subject to dismissal pursuant to Rule 28(a)(5) of the N.C. Rules of App. P. However, we choose to review the question in spite of the rule violation.

It has been established that the measure of damages recoverable for conversion is the value of the goods converted at the time and site of the conversion. *Crouch v. Trucking Co.*, 262 N.C. 85, 136 S.E. 2d 246 (1964). On 4 May 1986 defendant sold the vehicle to plaintiff for approximately $8,500.00. Plaintiff testified that he installed $1,525.00 in stereo equipment soon thereafter. In plaintiff's amended complaint, which defendant failed to answer, plaintiff alleged that the value of the truck was approximately $9,000.00. The vehicle was repossessed on 16 March 1987, less than one year after the sale. Although defendant now argues that the truck was damaged when it was repossessed, we hold that the trial court had ample evidence from which to determine the truck's value as of the date of conversion and did not err in setting its value.

Therefore, we overrule defendant's last question for review and affirm this order in all respects.

Affirmed.

Judges ARNOLD and PHILLIPS concur.