BECKSTROM v. COASTWISE LINE (KEL-
SEY et al., third-party defendants).

Clv. No. 7821.

District Court, Alaska
Third Division, Anchorage.

Feb. 5, 1953.

Walter H. Hodge, Cordova, Alaska, and Evans, McLaren, Lane, Powell & Beeks, Seattle, Wash., for plaintiff.

John E. Manders, Anchorage, Alaska, and McCutchen, Thomas, Matthew, Griffiths & Green, Russell A. Mackey and Bryant K. Zimmerman, San Francisco, Cal., for defendant and third-party plaintiff, Coastwise Line.

D. H. Cuddy, Anchorage, Alaska, for R. D. Kelsey, d/b/a Valdez Dock Co. and North Star Terminal & Stevedoring Co., third-party defendants.

Hellenthal, Hellenthal & Cottis, Anchorage, Alaska, for Jack DeVault and L. H. Doolittle, d/b/a Doolittle Transp. Co., third-party defendants.

DIMOND, District Judge.

This is an action for damages arising out of an alleged contract for carriage of merchandize by sea, or, in the alternative, carriage partly by sea and partly by land. The plaintiff claims damages in the amount of $28,530.38 from crushing of the merchandize.

The defendant, Coastwise, in its answer to the amended complaint, included several affirmative defenses, none of which either by name or in nature constitutes a counter-claim or a cross-claim. The fourth affirmative defense asserts that the damage to the goods arose or resulted from insufficiency of packing for which defendant Coastwise was not liable.

The sixth affirmative defense asserts that the action is not being prosecuted in the name of the real parties in interest, the same being certain insurance companies which insured the goods. The other affirmative defenses need not be especially noted.

No demand for jury trial, as required by Rule 38(b), Fed.Rules Civ.Proc. 28 U.S.C.A., was made by either of the parties within 10 days after the service of the answer. The answer was served and filed on August 22, 1952, the service being by mail.

On October 6, 1952, plaintiff filed motion for leave to file reply to the defendants' answer to plaintiff's amended complaint. On the same day, plaintiff's demand for jury trial was also filed herein together with affidavit of one of the attorneys for the plaintiff, stating that on September 24, 1952 another of the attorneys for plaintiff caused to be deposited in the United States Post Office at Seattle, Washington, with postage prepaid thereon, true copies of plaintiff's demand for jury trial, one addressed to Mr. John E. Manders, Attorney at Law, Loussac-Sogn Building, Anchorage, Alaska, one of the attorneys for defendant, Coastwise, and one to other attorneys for the defendant residing in San Francisco, California, all of whom were at that time and all times mentioned in the affidavit, attorneys of record for the defendant, Coastwise. By mischance rather than design, plaintiff's reply to the defendants' answer to the amended complaint was actually filed in Court on October 6, although plaintiff's local counsel instructed that the reply was submitted as a part of the motion for leave to file it and was not offered for filing without leave of the Court.

Two questions are before the Court for determination: 1, should the Court per-

mit the reply to be filed? And, 2, is the demand for a jury trial timely?

■ Since the answer does not contain a counterclaim or cross-complaint, the reply may be filed only if the Court so orders.

Defendants suggest that the plaintiff may not be *ordered* to file a reply upon its own motion because Rule 7(a) gives the power to *order* a reply to defendants' answer and it would be inappropriate for a *plaintiff* to ask the Court to *order* him to reply, and that if the rule had been intended to permit the plaintiff to seek leave to reply, the rule would not have contained its present phraseology.

■ That conclusion is not inevitable. It is usually the defendant who requests a reply but in Reynolds v. Needle, 1942, 77 U.S.App.D.C. 53, 132 F.2d 161; Leimer v. State Mutual Life Assur. Co., D.C. Mo.1940, 1 F.R.D. 386; Porter v. Theo. J. Ely Mfg. Co., D.C.Pa.1946, 5 F.R.D. 317 and Mission Appliance Corp. v. Ajax Thermostatic Controls Co., D.C.Ohio 1948, 8 F.R.D. 588, the Court, in each instance, denied plaintiff's motion for leave to file a reply on other grounds but without questioning the right of the plaintiff to make such a motion or to have the motion granted in the proper case. The liberal construction required of the rules would permit the granting of plaintiff's motion for leave to file a reply, and an order accordingly.

■ We now come forward to the merits of the motion for leave or for an order permitting or requiring plaintiff to file a reply. Since every answer without a counterclaim is, in the absence of a reply, considered as denied or avoided, Courts are understandably reluctant to grant permission for the filing of replies. Only when supported by substantial reason will a reply be required or allowed. An example may arise in a case where a reply may make possible a summary judgment. 4 Cyc. Fed.Proc. 364. In Bankers Bond and Mortgage Co. v. Witherow, D.C.Pa.1940, 1 F.R.D. 197, the Court ordered a reply where the answer alleged that the plaintiff had security for the debt on which he sued limiting the issues of the case to the value of the security.

In its brief, plaintiff concedes that no reply is indispensable for any of the affirmative defenses set forth in the answer except the fourth and sixth. The nature of those affirmative defenses are indicated above. The mere consideration of them shows that neither of them requires a reply because the averments therein contained under the rules are considered denied.

■ Plaintiff has not shown a substantial reason for seeking permission to file a reply or for being *ordered* to do so. Accordingly, plaintiff's motion with respect to the submission of a reply must be denied.

2. Coming now to the demand for jury trial, Rule 38(b) provides:

"Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue."

Rule 39 provides that the Court may in its discretion order trial by jury even though demand is not made therefor.

■ The demand for a jury trial in this case was admittedly filed more than 10 days after the filing of the answer, but on the same day as the filing of the motion for leave to reply. It is to be noted, however, that under Rule 38(b) that the time of *filing* of the demand for jury trial is not controlling. The rule provides that any party may demand a trial by jury of any issue triable by right by a jury "by *serving* upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the *service* of the last pleading directed to such issue." Accordingly, it is the date of "*service*" and not the date of filing of the demand that determines.

■ Rule 5(b) provides for service of pleadings and other papers by mail. In

this case, service of the demand for a jury trial was made in that manner as shown by the affidavit of Walter H. Hodge, one of the attorneys for plaintiff filed herein with the demand itself on October 6, 1952. It is alleged in that affidavit that copy of the demand was deposited by other attorneys of the plaintiff in the Post Office at Seattle, Washington, on September 24, 1952, addressed to the local attorney for defendant at Anchorage, Alaska. Rule 5(b) also supplies the necessary direction as to when under such circumstances the service takes effect. The last sentence of Rule 5(b) is, "Service by mail is complete upon mailing". Accordingly, upon the face of the record at present, it seems certain that the demand for jury trial was served upon the defendant, Coastwise, on September 24, 1952, and not upon the date of filing of the demand in Court upon October 6, 1952. It also appears from the affidavit of F. L. Heastan, attached to the defendant's answer to the amended complaint, that the answer was served upon plaintiff's attorney by mail, by deposit in the United States Post Office at Anchorage, Alaska, on August 22, 1952, the same date upon which the answer was filed in Court. Accordingly, plaintiff's demand for jury trial was not served within 10 days after the service of the answer of defendant, Coastwise, to the amended complaint, which, in the absence of a reply now denied, was the last pleading directed to the issues between the plaintiff and the defendants in this action. The demand for jury trial as of right must therefore be denied.

Rule 39(b) provides that notwithstanding the failure of a party to seasonably demand trial by jury in which such a demand might have been made of right, the Court in its discretion, upon motion, may order trial by jury of any and all issues. Plaintiff has invoked this discretionary power of the Court.

 For more than two years past, the Court has uniformly denied such requests by reason of the volume of litigation—more than 850 cases a year—coming before this Court for determination. This is more than three times the average number of cases per judge in the 86 Districts of the District Courts of the United States. The granting of trials by jury in such cases, where demand is not seasonably made, inevitably results in further delay and consequent further "denial of justice" to other litigants, who are presumed to have equally meritorious causes. Until an additional judge is authorized and appointed for this Division, the practice will be adhered to. In accordance with that established practice, the request for jury trial as of discretionary grace is likewise denied.

Plaintiff's motion to set the case for trial at Valdez, Alaska, has been submitted and argued. All of the arguments are in writing and on file herein. Decision is reserved at this time for determination by the judge who will undertake the trial of the case and to await further inquiry as to the facilities for trial at Valdez. Perhaps it may be thought wise to have the trial at Cordova, Alaska, rather than at Valdez or Anchorage, Alaska. The whole question is left open at this time.