FIRST CITIZENS BANK AND TRUST COMPANY v. NORMAN A. POWELL AND WIFE, DONNA C. POWELL

No. 814SC1070

(Filed 6 July 1982)

**Rules of Civil Procedure § 27— interrogatories and requests for admission—default judgment for failure to respond**

> The issuance of an order compelling discovery pursuant to G.S. 1A-1, Rule 37(a)(2) was not a prerequisite to the entry of an order striking defendants' answer and entering default judgments pursuant to Rule 37(d) for failure of defendants to respond to plaintiff's interrogatories and requests for admissions, and such sanctions will not be held an abuse of discretion absent specific evidence of injustice occasioned thereby.

APPEAL by defendants from *Barefoot, Judge.* Judgment entered 30 July 1981 in Superior Court, ONSLOW County. Heard in the Court of Appeals 25 May 1982.

This is an appeal from an order striking defendants' answer and entering default judgment in favor of plaintiff for the balance remaining on defendants' indebtedness to plaintiff after application of the proceeds of a foreclosure sale.

*Ward and Smith, by Robert H. Shaw III, for plaintiff appellee.*

*Fred W. Harrison for defendant appellants.*

*First Citizens Bank v. Powell*

ARNOLD, Judge.

Defendants' only assignment of error is that the trial court abused its discretion by striking defendants' answer and entering default judgment. They argue that the imposition of such severe sanctions for their failure to respond to plaintiff's interrogatories and requests for admission is not within the contemplation of Rule 37(d) of the North Carolina Rules of Civil Procedure. Defendants contend that the proper procedure should have been for plaintiff to move for an order compelling discovery pursuant to Rule 37(a)(2). Even if such an order had been granted, defendants contend that entry of default judgment would have been proper only upon a finding of defendants' intentional failure to comply.

We concede that issuance of a court order is the more common procedure employed by courts, but the clear wording of Rule 37(d) contradicts defendants' position that this is a prerequisite to entry of a default judgment. The statute reads, in pertinent part:

"(d) . . . If a party . . . fails . . . to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subdivisions a, b, and c of subsection (b)(2) of this rule."

Subsection (b)(2)c authorizes:

"c. An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party."

While the sanctions imposed by the court have been somewhat severe, they are among those expressly authorized by the statute and we cannot hold that they constituted an abuse of discretion absent specific evidence of injustice occasioned thereby. While the attorney for defendants attempts to excuse his failure to appear at the hearing on plaintiff's motion, he does so on evidence not contained in the record. Moreover, defendants present no evidence tending to excuse their failure to answer or otherwise respond to plaintiff's interrogatories. We find no abuse of judicial discretion.

Affirmed.

Judges HEDRICK and WELLS concur.