STUART EDWARD JAMES FULTON, INDIVIDUALLY AND ON BEHALF OF CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON AT RISK ON CONTRACT NO. IRPI 10002 v. EAST CAROLINA TRUCKS, INC. AND JAMES C. GREENE CO.

No. 8710SC412

(Filed 22 December 1987)

1. **Rules of Civil Procedure § 37— dismissal with prejudice—not sanction of last resort**

   North Carolina does not adhere to the rule that dismissal with prejudice is a sanction of last resort for failure to comply with discovery.

2. **Rules of Civil Procedure § 37— failure to answer interrogatories—dismissal not abuse of discretion**

   The trial court did not abuse its discretion in dismissing plaintiffs' claim for failure to answer interrogatories where plaintiffs had ample opportunity to object to the discovery both before and after defendants filed motions to dismiss and for sanctions; plaintiffs did not answer, object, or respond in any manner to defendants' first interrogatories; defendants then filed motions to dismiss and for sanctions, but plaintiffs did not respond in any manner until the date of the hearing on the motions, at which time plaintiffs informally served certain unverified documents upon defendants' counsel; and the case was scheduled to be heard just five days after plaintiffs' first attempt to serve defendants with answers to the interrogatories.

APPEAL by plaintiffs from *Herring, Judge.* Order entered 5 September 1986 in Superior Court, WAKE County. Heard in the Court of Appeals 28 October 1987.

*LeBoeuf, Lamb, Leiby & MacRae, by George R. Ragsdale and R. Bradley Miller for plaintiff-appellants.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, by Nigle B. Barrow, Jr. and Donald H. Tucker, Jr. for East Carolina Trucks, Inc., defendant-appellee.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Sanford W. Thompson IV for James C. Greene Co., defendant-appellee.*

BECTON, Judge.

On 9 July 1985, plaintiffs Stuart Edward James Fulton and certain underwriters at Lloyd's of London brought this action against defendants East Carolina Trucks, Incorporated and James C. Greene Company alleging unfair trade practices, breach of contract, negligent repair and breach of warranty. The case was scheduled to be heard on 8 September 1986 in Wake County Civil Superior Court. Before the hearing date, defendants filed motions to dismiss and for sanctions under Rule 37(d) of the North Carolina Rules of Civil Procedure for plaintiffs' failure to comply with discovery. The trial court granted the motion to dismiss after a hearing on 3 September 1986. Plaintiffs appeal. We affirm.

[1] Plaintiffs' sole contention on appeal is that the trial court abused its discretion in dismissing their case with prejudice because it was the first sanction for failure to comply with discovery. Plaintiffs argue that North Carolina courts adhere to the rule adopted in the federal courts — that dismissal with prejudice is a sanction of last resort and is "applicable only in extreme circumstances and generally proper where less drastic sanctions are unavailable." *McKelvey v. AT&T Technologies, Inc.*, 789 F. 2d 1518, 1520 (11th Cir. 1986); *accord Cine Forty-Second Street Theatre Corp. v. Allied Artist Pictures Corp.*, 602 F. 2d 1062 (2d Cir. 1979); *Gaspard v. U.S.*, 71 F. 2d 1097 (5th Cir. 1983); *Farmers Plant Food v. Fisher*, 746 F. 2d 452 (8th Cir. 1984).

Although the federal rule is laudable and best serves the judicial preference in favor of deciding cases on the merits, our courts have not adopted the federal rule. Indeed, this court's precedent all but expressly rejects the notion of progressive sanctions. This court has upheld dismissals in several cases when no previous less stringent sanction was ordered. *See, e.g., Hammer v. Allison*, 20 N.C. App. 623, 202 S.E. 2d 307, *cert. denied*, 285 N.C. 233, 204 S.E. 2d 23 (1974); *First Citizens Bank v. Powell*, 58 N.C. App. 229, 292 S.E. 2d 731 (1982); *Hayes v. Browne*, 76 N.C. App. 98, 331 S.E. 2d 763 (1985), *cert. denied*, 315 N.C. 587, 341 S.E. 2d 25 (1986).

Moreover, this court specifically rejected a similar argument in *First Citizens Bank* in which defendants argued that plaintiff was required to move for an order compelling discovery pursuant to Rule 37(a)(2) of the North Carolina Rules of Civil Procedure

before a motion to dismiss was granted. This court stated "[w]e concede that issuance of a court order is the more common procedure employed by courts, but the clear wording of Rule 37(d) contradicts defendants' position that [a motion to compel discovery] is a prerequisite to entry of a default judgment . . . . While the sanctions imposed by the court have been somewhat severe, they are among those expressly authorized by the statute and we cannot hold they constituted an abuse of discretion absent specific evidence of injustice occasioned thereby." *First Citizens* at 230, 292 S.E. 2d at 731-32.

[2] We now examine the evidence in the record to determine whether there was an abuse of discretion. Plaintiffs urge that the trial judge abused his discretion because their failure to answer defendants' interrogatories was caused by the following problems: (1) plaintiff-Lloyd's is located in England; (2) plaintiff held reasonable objections to the production of certain information; (3) plaintiff eventually provided organized, complete information; and (4) defendants were not prejudiced by the delay. We disagree. Plaintiffs had ample opportunity to object to the discovery both before and after defendants filed motions to dismiss and for sanctions. Defendant-East Carolina Trucks' first interrogatories and request for the production of documents were served on plaintiffs' counsel on 17 December 1985. Plaintiffs neither answered, objected nor responded in any other manner to defendants' requests. Defendants then filed a motion to dismiss and a motion for sanctions on 10 July 1986. Again, plaintiffs did not respond in any manner until the date of the hearing on the motions—3 September 1986—at which time plaintiffs informally served certain unverified documents upon defendant's counsel. Furthermore, regarding plaintiffs' argument that defendants were not prejudiced by the delay, this case was scheduled to be heard on 8 September 1986, just five days after plaintiffs' first attempt to serve defendants with answers to the interrogatories and the requested documents. Under these circumstances, we cannot find that the trial court abused its discretion in dismissing plaintiffs' claim.

Affirmed.

Judges PHILLIPS and GREENE concur.