RICHARD G. CHEEK v. SAMUEL H. POOLE, INDIVIDUALLY AND AS A GENERAL PARTNER OF JOHNSON, POOLE, WEBSTER, & BOST

No. COA95-253

(Filed 16 January 1996)

**1. Discovery and Depositions § 62 (NCI4th)— untimely service of discovery responses—no grounds for sanctions if served before motion for sanctions made or served**

The untimely service of discovery responses cannot support sanctions if the discovery responses are served prior to the making or service of a motion requesting sanctions; in this case where plaintiff's untimely responses to the discovery requests were served on the same day that defendants served or made their motion requesting sanctions, the responses were not served or made before the making of the motion for sanctions, and the trial court had authority to enter sanctions for the untimely discovery responses. N.C.G.S. 1A-1, Rule 37(b)(2).

CHEEK v. POOLE

[121 N.C. App. 370 (1996)]

**Am Jur 2d, Depositions and Discovery § 373.**

**2. Discovery and Depositions § 68 (NCI4th)— dismissal of plaintiff's action—appropriate sanction**

The sanction of dismissal was not an abuse of discretion in this case since plaintiff never objected to discovery requests; it was determined that he had established a pattern of disregarding due dates for responding to discovery; the sanction of dismissal is specifically authorized by Rule 37; the trial court indicated that it considered less severe sanctions; and defendant was not required to show that it was prejudiced by plaintiff's actions in order to obtain sanctions.

**Am Jur 2d, Depositions and Discovery § 385.**

**Dismissal of state court action for failure or refusal of plaintiff to answer written interrogatories. 56 ALR3d 1109.**

**Dismissal of state court action for failure or refusal of plaintiff to obey request or order for production of documents or other objects. 27 ALR4th 61.**

**Sanctions for failure to make discovery under Federal Civil Procedure Rule 37 as affected by defaulting party's good faith attempts to comply. 2 ALR Fed. 811.**

Judge MARTIN (Mark D.) concurring.

Appeal by plaintiff from order filed 2 December 1994 in Moore County Superior Court by Judge Narley L. Cashwell. Heard in the Court of Appeals 5 December 1995.

*Evans and Riffle Law Offices, by Patrick W. Currie and John B. Evans, for plaintiff-appellant.*

*Patterson, Dilthey, Clay & Bryson, L.L.P., by Ronald C. Dilthey and Charles George, for defendant-appellees.*

GREENE, Judge.

Richard G. Cheek (plaintiff) appeals from the trial court's order, in which the trial court determined that plaintiff violated the North Carolina Rules of Civil Procedure regarding discovery and, as a sanction, dismissed plaintiff's action with prejudice.

CHEEK v. POOLE

[121 N.C. App. 370 (1996)]

Plaintiff filed an action against Samuel H. Poole and Johnson, Poole, Webster & Bost (defendants) on 9 September 1987, alleging legal malpractice, and filed a voluntary dismissal of that action on 4 October 1993. During the pendency of plaintiff's first action, plaintiff failed to comply with discovery requests by defendant and a portion of plaintiff's claim for damages against defendant was dismissed with prejudice. Plaintiff filed a new complaint on 6 January 1994. After receiving defendants' "First Interrogatories and Request for Production of Documents" on 7 June 1994, plaintiff requested and received an extension of time within which to answer defendants' discovery requests. Plaintiff's deadline to answer defendants' discovery was extended until 10 July 1994, and plaintiff did not answer the discovery requests by this date. On 13 October 1994, defendants served plaintiff, by mail, with a motion to compel plaintiff's responses to defendants' discovery requests, which in the alternative sought the imposition of sanctions on plaintiff or dismissal of plaintiff's claim. On 14 October 1994, defendants filed this same motion to compel with the trial court. Plaintiff served defendants, by mail, with his responses to defendants' discovery requests on 13 October 1994.

After a hearing on defendants' 13 October motion, the trial court entered an order on 2 December 1994, dismissing plaintiff's claim with prejudice as a sanction for plaintiff's failure to timely reply to defendants' discovery requests. The trial court made findings that plaintiff "has established a pattern of disregarding due dates for responding to discovery from opposing parties and ignoring orders of [the] Court requiring plaintiff to respond fully and in a timely manner to discovery requests by opposing parties." The trial court further stated that it had "considered lesser sanctions than dismissal with prejudice; however, this Court, in its discretion, finds that less drastic sanctions than dismissal will not suffice nor would lesser sanctions be appropriate under the facts of this case."

The issues are (I) whether this action may be dismissed pursuant to Rule 37 of the Rules of Civil Procedure where responses to discovery requests were untimely filed; and if so, (II) whether the trial court abused its discretion by entering the sanction of dismissal of the complaint.

I

[1] Rule 37(d) provides that sanctions may be imposed if a party fails "to serve answers or objections to interrogatories submitted under

CHEEK v. POOLE

[121 N.C. App. 370 (1996)]

Rule 33, after proper service of the interrogatories or . . . to serve a written response to a request for inspection [of documents] submitted under Rule 34." N.C.G.S. § 1A-1, Rule 37(d) (1990). As a general rule, the discovery responses are due within thirty days after service of the request. N.C.G.S. § 1A-1, Rule 33(a) (1990); N.C.G.S. § 1A-1, Rule 34(b) (1990). If a party fails to respond to discovery requests, "the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request." N.C.G.S. § 1A-1, Rule 37(a)(2). If a party, ordered to provide discovery, fails to do so, "a judge of the court in which the action is pending may make such orders in regard to the failure as are just," including the dismissal of the action. N.C.G.S. § 1A-1, Rule 37(b)(2). An order directing compliance with discovery requests, however, is not a prerequisite to the entry of sanctions for failure to respond to discovery requests. N.C.G.S. § 1A-1, Rule 37(d); *First Citizens Bank v. Powell*, 58 N.C. App. 229, 230, 292 S.E.2d 731, 731 (1982) ("issuance of court order is the more common procedure"), *aff'd*, 307 N.C. 467, 298 S.E.2d 386 (1983).

The plaintiff argues that although he did not timely respond to the discovery requests, because he did respond "prior to the filing of the Defendant's [sic] motion . . . asking for sanctions," the defendant waived any right he had to "insist upon strict adherence to [the] discovery rules." There is merit to the premise of this argument but it fails on the facts of this case. Our courts have held that "defaults [pursuant to Rule 55] may not be entered after [an] answer has been filed, even though the answer be late." *Peebles v. Moore*, 302 N.C. 351, 356, 275 S.E.2d 833, 836 (1981); N.C.G.S. § 1A-1, Rule 55(a) (Supp. 1994). We see no reason to construe Rule 37 differently from Rule 55 and therefore hold that the untimely service of discovery responses cannot support sanctions if the discovery responses are served *prior to* the making[1] or service of a motion requesting sanctions. It follows, of course, that untimely discovery responses served *after* the service of a motion seeking sanctions on this basis can support sanctions.

---

1. A motion seeking sanctions is made on the day it is served provided it is filed "with the court either before service or within five days thereafter." N.C.G.S. § 1A-1, Rule 5(d) (Supp. 1994); *Beckstrom v. Coastwise Line*, 13 F.R.D. 480, 482 (D. Alaska 1953) (where rule requires service, the motion is made on the date of service and not the date of filing); *see* 2 James W. Moore, *Moore's Federal Practice* § 5.10 (2d ed. 1995) (recognizing importance of service requirements in motions). In this case, the motion was filed with the court within one day of its service and thus was made on the day of service.

*Segrest v. Gillette*, 96 N.C. App. 435, 442, 386 S.E.2d 88, 92 (1989), *rev'd on other grounds*, 331 N.C. 97, 414 S.E.2d 334 (1992).

In this case the plaintiff's untimely responses to the discovery requests were served on the same day that the defendants served or made their motion requesting sanctions. Thus the responses were not served or made before the making of the motion for sanctions and the trial court had authority to enter sanctions for the untimely discovery responses.

## II

[2] The plaintiff also argues that the sanction of dismissal was an abuse of discretion. We disagree. The determination of whether to dismiss an action because of noncompliance with discovery rules, "involves the exercise of judicial discretion" and should not be disturbed unless "manifestly unsupported by reason." *Miller v. Ferree*, 84 N.C. App. 135, 136-37, 351 S.E.2d 845, 847 (1987); *American Telephone and Telegraph Co. v. Griffin*, 39 N.C. App. 721, 727, 251 S.E.2d 885, 888 ("broad discretion must be given to the trial judge with regard to sanctions"), *disc. rev. denied*, 297 N.C. 304, 254 S.E.2d 921 (1979).

In this case, the plaintiff never objected to the discovery requests. He did obtain one extension of time to comply, but failed to respond within the extended time and failed to request an additional extension. Furthermore, it was determined that plaintiff had "established a pattern of disregarding due dates for responding to discovery."[2] The sanction of dismissal is specifically authorized by Rule 37. Under these circumstances, we cannot say that the decision of the trial court to dismiss the complaint was manifestly unsupported by reason. This Court has repeatedly refused to reverse dismissals entered under similar circumstances. *See Silverthorne v. Coastal Land Co.*, 42 N.C. App. 134, 137-38, 256 S.E.2d 397, 399-400, *disc. rev. denied*, 298 N.C. 300, 259 S.E.2d 302 (1979); *Hammer v. Allison*, 20 N.C. App. 623, 202 S.E.2d 307, *cert. denied*, 285 N.C. 233, 204 S.E.2d 23 (1974); *Fulton v. East Carolina Trucks, Inc.*, 88 N.C. App. 274, 275-76, 362 S.E.2d 868, 869 (1987). Moreover, the trial court indicated in its order, as it must, that it considered less severe sanctions. *Foy v. Hunter*, 106 N.C. App. 614, 620, 418 S.E.2d 299, 303 (1992).

---

2. The issue of whether the trial court may impose sanctions based upon a party's action in a previous filing of the same claim is not raised by the plaintiff in this case. Thus, we do not decide the propriety of the trial court's use of those actions as a basis for sanctions in the present action.

The plaintiff also argues that the order must be reversed because the defendants have not shown "any prejudice to [their] case because of any alleged failure of [the plaintiff] to make discovery." We disagree. "Rule 37 does not require the [movant] to show that it was prejudiced by the [nonmovant's] actions in order to obtain sanctions." *Roane-Barker v. Southeastern Hosp. Supply Corp.*, 99 N.C. App. 30, 37, 392 S.E.2d 663, 668 (1990), *disc. rev. denied*, 328 N.C. 93, 402 S.E.2d 418 (1991).

Affirmed.

Judge McGEE concurs.

Judge MARTIN, Mark D., concurs with separate opinion.

Judge MARTIN, Mark D., concurring.

I believe the trial court's reliance on plaintiff's actions in a voluntarily dismissed case (case I) to support, in any manner, its dismissal with prejudice of plaintiff's present case (case II), was inappropriate.

The trial court, in its order dismissing case II with prejudice, found "[p]laintiff has established a <u>pattern</u> of disregarding due dates for responding to discovery . . . and ignoring orders of Court requiring plaintiff to respond fully and in a timely manner to discovery requests by opposing parties." (emphasis added). To find that a "pattern" existed in the present case, the trial court must necessarily have considered both cases I and II as it concluded in its order, "plaintiff has <u>again</u> willfully violated . . . the North Carolina Rule of Civil Procedure." (emphasis added).

Cases I and II are related to the extent case I, voluntarily dismissed on 4 October 1993, was refiled on 6 January 1994 as case II. Nevertheless, case I was terminated by the voluntary dismissal and case II is, therefore, not a continuation of case I. *See Ward v. Taylor*, 68 N.C. App. 74, 78, 314 S.E.2d 814, 818-819, *disc. review denied*, 311 N.C. 769, 321 S.E.2d 157 (1984) (after plaintiff files a voluntary dismissal, that action terminates and no suit is pending in the court); 2 G. GRAY WILSON, NORTH CAROLINA CIVIL PROCEDURE § 41-2 (1989) (voluntary dismissal constitutes the final termination of a case). Rather, case II is an independent cause of action and, as such, the trial court must determine sanctions based solely on plaintiff's actions during the prosecution of case II. *Goss v. Battle*, 111 N.C. App. 173, 177, 432

S.E.2d 156, 159 (1993) (proper sanction under N.C.R. Civ. P. 37(d) to be determined from the facts and circumstances of each case) (Greene, J., concurring). Therefore, I believe the majority should have clearly determined whether plaintiff's actions in case II, alone, supported the dismissal of case II with prejudice.

Considering only plaintiff's actions in case II, I believe plaintiff's failure to respond to certain discovery requests despite a court order is, standing alone, sufficient to support the trial court's dismissal of case II with prejudice. *See, e.g., Silverthorne v. Land Co.,* 42 N.C. App. 134, 137-138, 256 S.E.2d 397, 399-400, *disc. review denied,* 298 N.C. 300, 259 S.E.2d 302 (1979). Accordingly, I concur in the result of the majority opinion.