KEWAUNEE SCIENTIFIC CORPORATION, Plaintiff-Appellee v. EASTERN
SCIENTIFIC PRODUCTS, Inc., Defendant-Appellant

No. COA95-1030

(Filed 18 June 1996)

**Discovery and Depositions § 62 (NCI4th)— failure to comply
with order compelling discovery—appropriate sanctions**

The trial court did not err in imposing sanctions against
defendant which, following an order compelling discovery,
refused to respond to 16 interrogatories and 18 requests for pro-
duction of documents where the discovery addressed claims still
pending in the case; furthermore, sanctions of striking answers
and counterclaims and awarding attorney fees were well within
the court's discretion.

**Am Jur 2d, Depositions and Discovery §§ 373, 374, 390,
395.**

**Taxation of costs and expenses in proceedings for dis-
covery or inspection. 76 ALR2d 953.**

**Judgment in favor of plaintiff in state court action for
defendant's failure to obey request or order to answer
interrogatories or other discovery questions. 30 ALR4th 9.**

**Sanctions available under Rule 37, Federal Rules of
Civil Procedure, for grossly negligent failure to obey dis-
covery order. 49 ALR Fed. 831.**

Appeal by defendant from order entered 1 June 1995 by Judge
Herman A. Zimmerman, Jr. and orders entered 10 July 1995 by Judge
C. Preston Cornelius in Iredell County Superior Court. Heard in the
Court of Appeals 17 May 1996.

*Robinson, Bradshaw & Hinson, P.A., by Martin L. Brackett, Jr.; and Shapiro, Fussell, Wedge, Smotherman & Martin, by David L. Tank and Daniel M. Jennings; for plaintiff-appellee.*

*Pressly, Thomas & Conley, P.A., by Gary W. Thomas, for defendant-appellant.*

WALKER, Judge.

This action arises out of the termination of an agreement between Kewaunee Scientific Corporation (Kewaunee) and Eastern Scientific Products, Inc. (Eastern Scientific). On 18 February 1994, Kewaunee filed suit against Eastern Scientific alleging: (1) breach of contract; (2) money owed on an account; and (3) declaratory judgment. Eastern Scientific filed an answer and counterclaims seeking damages for: (1) a violation of the New Jersey Franchise Practices Act; (2) cancellation of credit; and (3) unpaid commissions and unreimbursed expenses.

On 2 June 1994, the court granted Kewaunee's motion for partial summary judgment and issued a judgment declaring that the agreements between the parties were governed by North Carolina law, and that the agreements were terminated pursuant to the provisions of the agreements. The court, however, did not determine Kewaunee's claim for damages nor did it decide Eastern Scientific's counterclaim for damages. Eastern Scientific appealed the court's order granting partial summary judgment.

On 19 September 1994, Kewaunee served on Eastern Scientific several discovery requests, namely, "Plaintiff's First Interrogatories" and "Plaintiff's First Request for Production of Documents." When Eastern Scientific failed to answer, object, or otherwise timely respond to such requests, Kewaunee filed a motion to compel. On 20 January 1995, a consent order was entered directing Eastern Scientific to respond to the discovery requests within 30 days.

In response, Eastern Scientific served upon Kewaunee "Defendant's Response to Plaintiff's First Interrogatories" and "Defendant's Response to Plaintiff's First Request for Production of Documents." Of the twenty-two (22) interrogatories served, Eastern Scientific refused to answer sixteen (16) of the interrogatories and of the twenty-one (21) separate requests for production of documents, Eastern Scientific refused to comply with eighteen (18) based upon the following objection:

**KEWAUNEE SCIENTIFIC CORP. v. EASTERN SCIENTIFIC PRODUCTS**

[122 N.C. App. 734 (1996)]

Count III of the Complaint sought a declaratory judgment that the Dealer Agreement and the Agency Agreement are governed by the laws of North Carolina, that plaintiff properly terminated these agreements with defendant and that such termination did not violate the laws of New Jersey.

On or about May 10, 1994, the Superior Court in Iredell County, North Carolina (Judge Melzer A. Morgan, Jr.) issued a Declaratory Judgment that inter alia:

— Under the terms of each Agreement, the Plaintiff had a right to terminate each Agreement.

— The Agency Agreement was terminated by appropriate written notice from the plaintiff to the defendant and was legally terminated.

— The Dealer Agreement was terminated by appropriate written notice from the plaintiff to the defendant after the running of the 120 days and was legally terminated.

On the basis of the court's declaratory judgment (currently on appeal as No. COA94-860), this interrogatory is improper as not related to a pending action, claim or defense. It therefore cannot lead to the discovery of admissible evidence.

In addition, the information sought by this interrogatory may contain trade secret or other confidential research, development or commercial information not to be disclosed or only disclosed in a designated way and subject to an appropriate protective order issued by the court.

Finding such responses to be evasive, incomplete, and generally unresponsive, Kewaunee filed a motion for sanctions based on Eastern Scientific's failure to comply with the court's order of 20 January 1995. Following a hearing, the court made the following relevant findings:

11. The discovery requests by the plaintiff to the defendant go to factual allegations contained in the defendant's Answer and Counterclaim or other relevant discoverable matters and clearly address issues relevant to the claims that are pending in this matter including the claims of the defendant asserted in its counterclaims.

12. The response of the defendant to the discovery requests constitutes a refusal to respond to the discovery requests, which failure to respond was without justification or excuse.

The court then granted Kewaunee's motion for sanctions and ordered that Eastern Scientific's answer and counterclaims be stricken and default be entered against the defendant. Thereafter, the court entered judgment for Kewaunee and assessed partial attorney fees pursuant to the order for sanctions.

On appeal, Eastern Scientific contends that the discovery deals with issues raised on appeal and that the trial court abused its discretion by imposing sanctions. As support for this argument, Eastern Scientific relies on a decision by our Supreme Court, *Willis v. Power Co.*, 291 N.C. 19, 229 S.E.2d 191 (1976). In *Willis*, the Court held that if a party files answers or objections to interrogatories no sanctions under Rule 37(d) may be obtained and the proper procedure for the party seeking discovery is to obtain an order compelling discovery. *Willis*, 291 N.C. at 35, 229 S.E.2d at 201.

A similar issue was addressed by this Court in *Cheek v. Poole*, 121 N.C. App. 370, 465 S.E.2d 561, *cert. denied*, 343 N.C. 305, 471 S.E.2d 68 (1996). In *Cheek*, the Court held that "the untimely service of discovery responses cannot support sanctions if the discovery responses are served *prior* to the making or service of a motion requesting sanctions." *Id.* at 373, 465 S.E.2d at 563-564 (emphasis in original).

We find *Cheek* and *Willis* distinguishable from the present case in that Kewaunee had obtained an order compelling discovery prior to Eastern Scientific's response. Following such response, Kewaunee then made a motion for sanctions on the basis that Eastern Scientific failed to comply with the court's order compelling discovery. The court found that Eastern Scientific's response constitutes a refusal to respond and "a flagrant refusal to obey . . . [the order] of January 20, 1995, compelling the response to the discovery requests."

The evidence shows that following the order compelling discovery, Eastern Scientific refused to respond to sixteen (16) interrogatories and eighteen (18) requests for production of documents. Moreover, Eastern Scientific objected to such discovery on the basis that the information sought did not relate to a pending claim or defense and may contain a trade secret or other privileged information. However, we find sufficient evidence in the record to support

the court's finding that the discovery addressed claims still pending in the case and that Eastern Scientific's responses were a flagrant refusal to comply with Kewaunee's discovery requests. To permit a party to provide such evasive and incomplete responses following an order compelling discovery would prolong the discovery process by unreasonably requiring the opposing party to file an additional motion to compel.

Eastern Scientific also contends that the choice of sanctions in this case was inappropriate. We disagree.

Sanctions such as striking answers and/or counterclaims and awarding attorney fees are well within the court's discretion in cases involving an abuse of discovery rules by one party. *Roane-Barker v. Southeastern Hospital Supply Corp.*, 99 N.C. App. 30, 36, 392 S.E.2d 663, 667 (1990), *disc. review denied*, 328 N.C. 93, 402 S.E.2d 418 (1991). Accordingly, we uphold the order denying Eastern Scientific's motion to set aside the entry of default and affirm the imposition of sanctions in this case.

Affirmed.

Judges GREENE and MARTIN, JOHN C. concur.