ELMORE, Judge.
 

 Enrique Badillo (plaintiff) appeals an order of the trial court dismissing his action with prejudice. For the reasons stated herein, we affirm the order below.
 

 Plaintiff filed a personal injury action in Rockingham County Superior Court in September 2001. After taking a voluntary dismissal without prejudice in July 2003, plaintiff re-filed this action on 13 November 2003. Plaintiff did not give any notice of the refiling to counsel for the unnamed defendant Nationwide Mutual Insurance Company (Nationwide). During an administrative telephone conference on 15 November 2004, Superior Court Judge Melzer Morgan instructed plaintiff's counsel to provide proof of service and to serve copies of all pleadings on counsel for Nationwide. Judge Morgan scheduled the case for trial the week of 13 June 2005, with a 31 May 2005 discovery deadline. Counsel for Nationwide gave notice of appearance in the case on 15 December 2004.
 

 On 16 December 2004 Nationwide moved to dismiss plaintiff's action for failure to prosecute and failure to provide proof of service and pleadings to Nationwide as requested by the trial court. Plaintiff complied with the court's order on 14 January 2005, just prior to the hearing on Nationwide's motion to dismiss. Nationwide served an Answer and written discovery on plaintiff on 24 January 2005. Plaintiff failed to respond, and Nationwide moved to compel discovery on 23 March 2005. In this motion, Nationwide asked the court to enter an order pursuant to Rule 37(d) of the North Carolina Rules of Civil Procedure requiring plaintiff to pay Nationwide's reasonable expenses and attorneys' fees related to obtaining an order compelling discovery. Nationwide's counsel stated that he made a good faith attempt to confer with counsel for plaintiff, in a letter dated 1 March 2005, before serving the motion to compel.
 

 Nationwide's motion to compel was heard on 11 April 2005, and the trial court entered an order the same day. The court found that plaintiff's counsel did not seek an extension to respond to discovery and that counsel for Nationwide wrote to plaintiff's counsel on 1 March 2005, reminding him of discovery past due. As of 11 April 2005, the parties were only six weeks from the close of the discovery period set by Judge Morgan. The court concluded that plaintiff's counsel conduct was an inexcusable failure to make discovery and to prosecute his client's case in violation of Rule 37(d) of the North Carolina Rules of Civil Procedure. Pursuant to its order entered 11 April 2005, the court dismissed plaintiff's action with prejudice. Plaintiff filed a Motion to Reconsider. The court held a hearing on this motion and entered an amended order of dismissal on 27 June 2005.
 

 Plaintiff appeals from the 27 June 2005 order entered by Judge Albright. Plaintiff argues that the court erred in dismissing the action without actually considering lesser sanctions. Plaintiff also asserts that the court's findings of fact are insufficient to support its determination that lesser sanctions are inappropriate.
 

 Rule 37 of the North Carolina Rules of Civil Procedure authorizes a trial judge to impose sanctions, including dismissal, upon a party for discovery violations.
 
 See
 
 N.C. Gen. Stat. § 1A-1, Rule 37(d) (2005); N.C. Gen. Stat. § 1A-1, Rule 37(b)(2) (2005). Generally, responses to discovery requests are due within thirty days of service. N.C. Gen.Stat. § 1A-1, Rule 33(a) (2005); N.C. Gen.Stat. § 1A-1, Rule 34(b) (2005). We review the trial court's decision of whether to dismiss an action based upon discovery violations for an
 abuse of discretion.
 
 See Cheek v. Poole,
 

 121 N.C.App. 370
 
 , 374,
 
 465 S.E.2d 561
 
 , 564,
 
 cert. denied,
 

 343 N.C. 305
 
 ,
 
 471 S.E.2d 68
 
 (1996). "The determination of whether to dismiss an action because of noncompliance with discovery rules, `involves the exercise of judicial discretion' and should not be disturbed unless `manifestly unsupported by reason.'"
 

 Id.
 

 (quoting
 
 Miller v. Ferree,
 

 84 N.C.App. 135
 
 , 136-37,
 
 351 S.E.2d 845
 
 , 847 (1987)).
 

 Plaintiff is correct that a trial judge must consider less severe sanctions prior to dismissing an action with prejudice for failure to respond to discovery requests.
 
 See Goss v. Battle,
 

 111 N.C.App. 173
 
 , 176-77,
 
 432 S.E.2d 156
 
 , 158-59 (1993). However, where the record on appeal permits the inference that the trial court considered less severe sanctions, this Court may not overturn the decision of the trial court unless it appears so arbitrary that it could not be the result of a reasoned decision.
 
 See Hursey v. Homes by Design, Inc.,
 

 121 N.C.App. 175
 
 , 179,
 
 464 S.E.2d 504
 
 , 506 (1995).
 

 We reject plaintiff's argument that the trial court's conclusory statements that it considered lesser sanctions, without listing which specific sanctions it considered, are insufficient to support the ruling that lesser sanctions are inappropriate. Here, the trial court stated that:
 

 the Court having reconsidered this matter and the arguments of counsel, as well as the applicable case law, and having considered certain lesser discovery sanctions as urged by plaintiff, the Court being of the opinion that dismissal of the case was and remains the only appropriate sanction in view of the totality of the circumstances of the case, which circumstances amply demonstrate the severity of the disobedience of counsel for plaintiff in failing to make discovery and thereby impeding the necessary and efficient administration of justice, the Court being of the opinion that lesser sanctions in this case would be inappropriate. . . .
 

 We hold that the trial court is not required to list and specifically reject each possible lesser sanction prior to determining that dismissal is appropriate. In
 
 In re Pedestrian Walkway Failure,
 
 ___ N.C.App. ___,
 
 618 S.E.2d 819
 
 (2005), this Court addressed the plaintiff's assertion that the trial court erred in dismissing his claims without considering lesser sanctions. The order dismissing the claims stated that:
 

 the Court has carefully considered each of [plaintiff's] acts [of misconduct], as well as their cumulative effect, and has also considered the available sanctions for such misconduct. After thorough consideration, the Court has determined that sanctions less severe than dismissal would not be adequate given the seriousness of the misconduct. . . .
 

 In re Pedestrian Walkway Failure,
 
 ___ N.C.App. at ___,
 
 618 S.E.2d at 828-29
 
 . The Court held that this language sufficiently demonstrated that the trial judge in fact considered lesser sanctions.
 

 Id.
 

 We see no material difference between that language and the order of the trial court in the instant case. Judge Albright states that, given the severity of disobedience by plaintiff's counsel, lesser sanctions would be inappropriate. The record supports the seriousness of plaintiff's misconduct: Plaintiff did not answer or object to any of Nationwide's interrogatories or requests for production of documents. Neither did plaintiff seek a protective order or proffer any justification for this inaction. This Court has previously upheld a trial court's dismissal of an action based upon similar circumstances of a disregard of discovery due dates.
 
 See Cheek,
 

 121 N.C.App. at 374
 
 ,
 
 465 S.E.2d at 564
 
 (plaintiff did not object to discovery requests and failed to respond within extended time to comply);
 
 Fulton v. East Carolina Trucks, Inc.,
 

 88 N.C.App. 274
 
 , 276,
 
 362 S.E.2d 868
 
 , 869-70 (1987) (plaintiffs did not answer, object, or respond in any way to defendants' requests for discovery). Moreover, Judge Albright expressly states that lesser sanctions were
 
 urged by the plaintiff.
 
 As such, we can infer from the record that the trial court did in fact consider lesser sanctions. On this record, plaintiff simply fails to establish an abuse of the trial court's discretion in dismissing the action. We affirm.
 

 Affirmed.
 

 Judge LEVINSON concurs.
 

 Judge WYNN dissents by separate opinion.