An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-252

Filed 17 September 2025

Pitt County, No. 24CVD002919-730

SANTREE NC LLC, Plaintiff,

v.

EVEANGEL HINES, Defendant.

Appeal by Defendant from Judgment entered 22 October 2024 by Judge Mario E. Perez in Pitt County District Court. Heard in the North Carolina Court of Appeals 6 August 2025.

> *The Law Offices of George Oliver, PLLC, by George Mason Oliver, for Plaintiff-Appellee.*

> *Eveangel Hines, pro-se Defendant-Appellant.*

PER CURIAM.

Defendant Eveangel Hines appeals from a Judgment entered on 22 October 2024 finding Defendant materially breached the lease agreement and ordering Defendant to vacate the property. For the reasons below, we dismiss the appeal.

**I.    Factual and Procedural Background**

Defendant and Plaintiff Santree NC, LLC, initially entered a lease agreement on 22 October 2022 and have consistently renewed the agreement on a yearly basis. Defendant most recently renewed the lease on 24 July 2024 for one year. The lease has always contained a Crime Free Agreement, which states, "Tenant, any member of the Tenant's household, or a guest or other person under Tenant's control shall not engage in criminal activity, regardless of whether it occurs on Community grounds[.]"

On 15 September 2024, Defendant and her girlfriend became involved in an altercation with a food delivery driver and her boyfriend, which led to either Defendant or her girlfriend pointing a firearm at the boyfriend. Police were called in response to the altercation. Defendant initially failed to cooperate with law enforcement and subsequently was charged with Assault by Pointing a Gun, Resisting and Obstructing a Public Officer, and Possession of a Firearm by a Felon.

On 16 September 2024, Plaintiff sent Defendant a letter of Notice to Terminate Tenancy informing her she must vacate the premises due to the violation of the Crime Free Agreement. Defendant did not vacate the premises.

On 3 October 2024, the Pitt County Small Claims Court ordered Defendant be removed from the premises. Defendant appealed the order on 9 October 2024. On 22 October 2024, the trial court entered a Judgment ejecting Defendant based on a material breach of her lease agreement with Plaintiff. Defendant was ordered to vacate the premises within twenty days. Defendant gave written Notice of Appeal on 1 November 2024.

## II.   Analysis

On appeal, Defendant argues the trial court erred in granting summary judgment in favor of Plaintiff for numerous reasons, including: (1) a "lack of substantial evidence supporting [the] eviction", (2) the existence of "clear factual disputes," and (3) she did not breach the lease agreement because she was not convicted of a crime.  Defendant also appears to suggest the eviction may have been retaliatory, in violation of N.C. Gen. Stat. § 42-37.1.  Plaintiff disagrees, arguing the trial court did not err in granting its Motion for Summary Judgment and further contends Defendant has committed numerous Rules violations in her brief.

Our Supreme Court has instructed that our " 'rules of procedure are necessary . . . in order to enable the courts properly to discharge their dut[y]' of resolving disputes." *Dogwood Dev. and Mgmt. Co., LLC v. White Oak Transp. Co., Inc.*, 362 N.C. 191, 193, 657 S.E.2d 361, 362 (2008) (alterations in original) (quoting *Pruitt v. Wood*, 199 N.C. 788, 790, 156 S.E. 126, 127 (1930)).  "[P]arties who default under the rules ordinarily forfeit their right to review on the merits." *Id.* at 194, 657 S.E.2d at 363 (citation omitted).  "[T]he occurrence of default under the appellate rules arises primarily from the existence of one or more of the following circumstances: (1) waiver occurring in the trial court; (2) defects in appellate jurisdiction; and (3) violation of nonjurisdictional requirements." *Id.*

In the case *sub judice*, Defendant has committed numerous non-jurisdictional violations of our Rules of Appellate Procedure.  For instance, in her brief, Defendant

failed to: (1) provide a table of authorities pursuant to Rule 28(b)(1) and 26(g); (2) provide ground for appellate review pursuant to Rule 28(b)(4); (3) provide a statement of the facts with citations to the record on appeal pursuant to Rule 28(b)(5); (4) provide proof of service pursuant to Rule 28(b)(9) and 26(d); and (5) provide a Certificate of Compliance pursuant to Rule 28(j)(2).  While "only in the most egregious instances of nonjurisdictional default will dismissal of the appeal be appropriate[,]" *id.* at 200, 657 S.E.2d at 366 (citations omitted), "in certain instances noncompliance with a discrete requirement of the rules may constitute a default precluding substantive review." *Id.* (citing N.C.R. App. P. 28(b)(6)).  We believe this is such a case.

In addition to these non-jurisdictional violations, Defendant has abandoned her arguments due to her significant violation of Rule 28(b)(6).  Rule 28(b)(6) of our Rules of Appellate Procedure states, in pertinent part: "Issues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned."  N.C.R. App. P. 28(b)(6) (2024).  An appellant avoids abandonment of an issue when she complies with the Rule's mandate that "The body of the argument . . . shall contain citations of the authorities upon which the appellant relies." *Id.*

Defendant's opening brief did not include any citation to caselaw within the argument section.  Additionally, while the list of "issues presented" includes a citation to N.C. Gen. Stat. § 42-37.1, which applies to retaliatory evictions, the brief does not present any arguments that Defendant's eviction was retaliatory.

After Plaintiff pointed out these violations in Defendant's opening brief,

Defendant filed a reply brief containing some legal citations. However, these citations either do not accurately support Defendant's argument or cite cases that do not exist. For example, Defendant cites *Cheek v. Poole,* to argue "trial courts must evaluate all relevant statutory defenses before issuing an eviction order," "substantial compliance with appellate rules is sufficient to warrant review," and "Rule 56(c) . . . mandates that all evidence be reviewed in the light most favorable to the state." However, *Cheek* does not mention statutory defenses, substantial compliance with rules, or Rule 56(c). *See Cheek v. Poole*, 121 N.C. App. 370, 465 S.E.2d 561 (1996). Defendant also cites *State v. Boggess*, 258 S.E.2d 319 (N.C. 1979), but no case by that name was published by the Supreme Court of North Carolina in 1979. Our Supreme Court did publish a case by the name of *State v. Boggess* in 2004; however, that opinion does not stand for any of the issues discussed in Defendant's brief. *See State v. Boggess*, 358 N.C. 676, 600 S.E.2d 453 (2004).

Many courts have noted the increased use of artificial intelligence in briefs, which can lead to numerous errors when not properly reviewed. *See, e.g.*, *Garner v. Kadince, Inc.*, 571 P.3d 812 (Utah Ct. App. 2025) (per curiam) (sanctioning attorney for citing nonexistent caselaw generated using artificial intelligence); *Ferris v. Amazon.com Servs., LLC*, 778 F.Supp.3d 879 (N.D. Miss. 2025) (sanctioning *pro se* appellant where he submitted numerous false citations obtained using artificial intelligence to the court in his complaint and in subsequent filings). The fabrications and miscited cases in Defendant's brief strongly suggest the use of artificial

intelligence. Regardless, the lack of relevant citations to legal authorities means Defendant has abandoned all legal arguments on appeal pursuant to Rule 28(b)(6). Accordingly, this appeal is dismissed.


DISMISSED.

Panel consisting of Judges COLLINS, HAMPSON, and FREEMAN.

Report per Rule 30(e).